JOHN H. OWINGS *vs.* ELIZA BATES.—*June* 1851.

An intestate died leaving a brother and three sisters. The eldest sister, who was also older than the brother, was unmarried. The other sisters were married. HELD: That the eldest sister was entitled to administration upon the estate, and could only be excluded upon the representation or impression of an indefinite absence from the State.

The husband of one of the unmarried sisters has no right to supersede the eldest sister in her rightful claim to the administration, without the consent, or without notice, to the other parties.

Where a distributee stands in the relation both of debtor and creditor to the estate, and there are other parties who are entitled to administer, it would be derogatory to sound principles of justice to commit the administration of the estate to him.

It was agreed at an interview between all the distributees, that the eldest sister, the one entitled to administration, should administer the estate, the husband of one of the younger sisters being at the time present, and disclaiming all right or intention to apply for the administration. On the 26th of December, the eldest sister left the State on a temporary sojourn in the *District of Columbia*, with the intention expressed and understood of returning within the ensuing month, to apply for the administration. On the 6th of January following, the said husband of the younger sister, without notice to, or consent, of the other parties, applied for and obtained the administration. HELD: That under these circumstances the grant of letters to him was premature and improvident, and should be revoked.

APPEAL from the Orphans court of *Howard District*.

This appeal was taken from an order of the Orphans court revoking letters of administration granted to the appellant, upon the estate of *Mrs. Ann M. Miller,* who died intestate leaving three sisters and one brother. The appellee is the

oldest sister, being also older than her brother, and the appellant is the husband of one of the younger sisters.

The nature of the controversy fully appears from the petition of the appellee asking a revocation of the letters granted to the appellant, and the answer thereto. This petition was filed on the 29th of January 1850, stating, among other things, that petitioner was a resident of *Baltimore* city, that she was the eldest sister and one of the heirs of the intestate, that one of the younger sisters was the wife of the appellant; that after the intestate's death, a meeting of the heirs was held at the house of the appellant, when it was agreed by the heirs and by the appellant on the part of his wife, that the appellee should assume the administration of the deceased sister's estate; that in accordance with this arrangement, the appellee was put in possession of the papers and personal effects of the intestate; but that when, after a short absence, she came to apply for letters of administration, she discovered that the appellant, taking advantage of her absence, had, in violation of the agreement entered into by the heirs, and against their wishes and consent, applied for and obtained administration upon the intestate's estate. She further represented, that the appellant had no legal right to administer to her exclusion; and moreover, that there was great impropriety in his so doing, from the fact, that he was largely indebted to the estate, which consisted principally, if not wholly, of a large sum of money, then, and for a long time previous in the hands of the appellant; and that there were considerable matters of account between him and the estate, the settlement of which, in any legal or equitable manner, would be impracticable, so long as the appellant was clothed with the character of administrator. She therefore prayed that the appellant's letters of administration might be revoked.

The appellant, by his answers denied that at the time of his obtaining letters of administration, the appellee's residence was in the city of *Baltimore*, and alleged that for some years previous, and at the time of filing his answer, she had resided, and did then reside, out of the State of *Maryland*, and that

she was therefore not entitled to be regarded in the granting of letters of administration, unless she had actually applied for them.

He denied the alleged agreement among the heirs, and asserted that no binding obligation was entered into on his part; that he refused to administer, owing to his indignation at the course that had been pursued, and well knowing that if the appellee were to remain in the State, she might at any time present her prior claim; that by declining to accept the administration, he never intended to waive any right he might have with regard to it; nor did he believe, had he assented to administer, that the appellee would have given her consent. He admitted that the appellee had possession of the personal effects of the intestate, but alleged that she came improperly by them. He further denied his indebtedness to the estate, but insisted that the estate was indebted to him, and prayed that the appellee might be dismissed with costs.

Testimony was then taken the purport of which will be found in the opinion of this court. The orphans court ordered the letters to be revoked and from this order the appellant appealed.

The cause was argued before DORSEY, C. J., CHAMBERS, SPENCE, MARTIN and FRICK, J.

By R. J. BRENT, for the appellant, and
By R. JOHNSON, JR., and WALLIS, for the appellee.

FRICK, J., delivered the opinion of this court.

The controversy here between the parties involves the right to the administration of an intestate's estate. The deceased left three sisters and one brother. The sisters, all except the appellee, were married, one of them being the wife of the appellant. The record shows, that it was agreed at an interview between all the parties, that the appellee, as the eldest distributee, should administer the estate, the appellant being at the time present and disclaiming all right or intention to apply for the administration. The whole estate of the intestate

is comprized in a promissory note for $1636, drawn by the appellant himself in favor of the intestate. The note having some years to mature, and there being no urgent necessity to hasten the administration, the appellee left the State upon a temporary sojourn in the *District of Columbia.* Her purpose to return and apply for the administration was expressed and understood before she departed on the 26th of December, and was reïterated by her letter of the 28th of the same month, to the appellant's wife, in which she affirms the intention of returning with that view in the course of the ensuing month. But upon the 6th of January following, the appellant applied to the Orphans court of *Howard District of Anne Arundel* county, and without any knowledge of the agreement, or of the claim of the other party, the court upon his application granted the letters of administration to the appellant.

Upon this state of facts, upon petition of the appellee representing the violation by the appellant of the agreement entered into by the heirs, and the action of this appellant in the matter against the consent and wishes of the parties, (which is signified by their protest in the proceedings,) and insisting upon the incompatibility of confiding to the only debtor of the estate, the administration of the assets, the orphans court revoked the letters sued out by the appellant, and the administration was committed to the appellee. From this order thus revoking his administration, the appeal is taken to this court.

It is true, that the appellant in his answer insists that the estate is indebted to him. But when the record discloses that his claim is for the board of the deceased from the year 1828 to the period of her death, and that his note for a large sum of money in her favor is but of recent date, (the 15th of November 1848,) the case presents an aspect, which in the attitude both of debtor and creditor to the estate, renders it highly derogatory to sound principles of justice, that the adjustment should be committed to the party who stands in that relation to the other parties interested in the assets.

We must assume that, with a knowledge of this state of things, the orphans court would have declined to confide this

administration to the appellant, independent of the agreement to which he was at least a witness, if not a party, by his disclaimer. But without any such agreement the appellee was the party entitled to this administration, and could only have been excluded, upon the representation or impression of an indefinite absence from the State. Such however was not the fact, as is indicated by her immediate return in the same month of January; and under all these circumstances the grant of letters to the appellant was premature and improvident. Without the consent or without notice to the other parties, the application ought not to have been made, for without this the appellant was not entitled to supersede the appellee in her rightful claim to the administration. And when with a full exposition of all the facts, the orphans court have afterwards deliberately revoked their original grant of these letters and placed the administration in the hands of the party legally entitled in preference to the appellant, we do not feel authorised or disposed to disturb their decree, which is therefore affirmed.

DECREE AFFIRMED.