Bowen *et al. v.* Stewart, Administrator.

———◆———

No. 15,688.

BOWEN ET AL. *v.* STEWART, ADMINISTRATOR.

|128  507|
|152  193|

DECEDENTS' ESTATES.— *Application to Remove Administrator.*— *Change of Venue.*—In an application to remove an administrator the party making the application is not entitled to a change of venue from the county, nor is he entitled to a change from the judge.

128  507|
160   90|

SAME.—*Appointment of Administrator.*—*Power of Court.*—*Adverse* Party.— Where more than twenty days had elapsed after the death of a decedent, and neither the widow nor any of the children had taken out letters of administration, it was proper for the court to appoint the treasurer of Carroll county, the decedent being a resident of said county at the time of his death, administrator of the estate of said decedent, it being claimed that at the time of his death the decedent held mortgages on large bodies of land in Carroll county and in adjoining counties which were unpaid, and that he was indebted to the city of Delphi and the county of Carroll in a large sum for taxes due on personal property which had never been listed for taxation. The treasurer of the county, under the circumstances, was not a stranger to the estate, and therefore incompetent to take out letters. Neither did he have such an adverse interest as against the estate as to render him an improper person to administer upon the same.

SAME.—*Evidence.*— *Competency of to Prove Need of Administration.*—Upon the hearing of the application to remove the administrator, it was proper for him to show that there were unsatisfied mortgages upon real estate in Carroll county, held by the decedent in his lifetime. It was a circumstantial fact, which the court might consider in determining as to the necessity for an administration of the estate.

SAME.—*Evidence.*—*Communication of Decedent.*—*Inadmissibility of.*— *Custom as to Appointment of Administrators.*—*Incompetent to Show.*—Upon such a hearing the court did not err in excluding testimony as to the wish of the decedent, communicated to his son, that his estate should not be administered upon. Neither did it err in excluding testimony as to the custom of the Carroll Circuit Court in the appointment of administrators.

SAME.—*Settlement of Estate by Heirs without Administration.— When can not be Done.*—The heirs of a decedent can not by agreement among themselves to settle an estate without administration where there are creditors, deprive such creditors of the right to take letters, or to procure others to take them. Letters having once been properly granted, the person to whom such grant is made acquires the right to fully administer the estate.

SAME.—*Appointment of Administrator.—Presumption as to.—Assailing Appointment.—Burden of Proof.*—Where the court has granted letters of administration, the legal presumption exists that the action of the court was right, and the burden is upon those assailing the right of appointment to prove that there was no necessity for administration.

PRACTICE.—*Adjournment of Court for the Day.—Reconvening of on Same Day. Appointment of Administrator.*—A judge during term time may adjourn court for the day and then. reconvene it, and the appointment of an administrator made after the court has so reconvened will not be vitiated, on that account.

SAME.—*Complaint.— When Supreme Court Need not Set Out.*—Where no question was raised either in the circuit or in the Supreme Court as to the sufficiency of a complaint it is not necessary for the latter court in rendering its opinion to set out the complaint.

From the Carroll Circuit Court.

*R. C. Pollard, C. R. Pollard* and *M. Winfield,* for appellants.

*L. B. Sims, J. A. Sims, M. A. Ryan, J. H. Gould* and *G. R. Eldridge,* for appellee.

BERKSHIRE, J.—This was an application to remove an administrator. The decedent had been for many years a citizen of Carroll county, and died a citizen thereof on the 10th day of February, 1890, intestate, leaving, as his only heirs, his widow, Catherine J. Bowen, and his children, Abner T., Nathaniel, Edward, and Henrietta T. Bowen, and Mary Buscy, who are the appellants.

On the 3d day of April, 1890, the appellee was appointed by the Carroll Circuit Court the administrator of the estate of said decedent, no one having taken out letters of administration upon said estate antecedent thereto.

The application to remove the appellee was not antago-

nized by motion, or demurrer, and hence we need not stop to inquire whether, conceding all that is alleged therein to be true, it disclosed any sufficient cause for the appellee's removal, except to state that none of the causes given in the statute for the removal of an administrator are stated. Section 382, Elliott's Supplement.

It alleges that on the day of the appointment, and before it had been made, the court had been adjourned for the day, and until 8:30 A. M. of the next day, and, upon request, the judge caused the sheriff to reconvene the court; and thereafter, and while court was thus in session, the appointment was made, the clerk being present when the appointment was made.

The judge had the undoubted right to cause the court to be opened, and thereafter to transact any business that might properly come before it.

The adjournment of the court was a mere intermission, for, in contemplation of law, court was in session during the term fixed by law, or until its final adjournment. *Stefani* v. *State*, 124 Ind. 3. During the term the court might control, in a proper manner, its own sittings. *Wartena* v. *State*, 105 Ind. 445.

The appellee filed an answer to which a demurrer was filed and overruled, and the appellants reserved an exception.

The appellants moved the court for a change of venue from the county, which was overruled, and they reserved an exception; they then filed a motion for a change from the judge, and this motion being overruled they saved an exception. The cause was thereafter submitted to the court for trial, and after hearing the evidence a finding was returned for the appellee, and over a motion for a new trial judgment was rendered refusing to remove the appellee, as the administrator of his said trust.

The answer is very lengthy and we will not undertake to give even the substance of the averments contained therein.

It is sufficient to state that the facts therein averred dis-

close abundant reasons for the appointment of an administrator to administer upon said estate at the time the appellee was appointed. It further appears from the averments therein that neither the widow nor the children had any intention to take out letters of administration.

More than twenty days had elapsed after the death of the decedent before letters of administration were issued to the appellee, to wit, fifty-two days. ˙Under the statute in force when the appointment was made, either the clerk of the court or the court itself might make an appointment after twenty days, and appoint any competent inhabitant of the county. Section 2227, R. S. 1881.

The appellants were not entitled to a change of venue nor to a change of judge.

A proceeding to remove an administrator is a proceeding summary in its character, to which the statute providing for changes of venue and change of judges does not apply.

Besides, the appointment and removal of an administrator, and the dealings which he has with his trust, are so exclusively under the supervision of the judge of the court wherein the estate is pending for settlement that it is evident it was never the legislative intention that this supervision might be destroyed by the filing of an affidavit for a change of venue, or for a change of judge.

If the appellants were entitled to a change of venue, or change of judge, then the appellee was so entitled; and if an administrator may apply for a change from the county, or judge, in an application for his removal, we know of no reason why he may not do so when he presents a partial, or his final settlement report. An application to remove an administrator is very much under the discretion of the court. *Wallis* v. *Cooper*, 123 Ind. 40; *Whitehall* v. *State, ex rel.*, 19 Ind. 30; *Williams* v. *Tobias*, 37 Ind. 345. And no one can so intelligently exercise the discretion which belongs to the court as the regular judge thereof, who is fully acquainted with the

condition of the estate, and the manner in which the administrator has theretofore performed his duties.

We have examined the case of *Scherer* v. *Ingerman,* 110 Ind. 428, cited by counsel for appellants.

In that case the administrator filed his petition to sell real estate for the payment of debts, and the litigation was between him and a remote grantee of some of the heirs, as to whether the real estate was subject to sale for the payment of debts; the litigation in that case under the issues was much nearer akin to an ordinary civil action than the proceeding under consideration, and we may here remark that we are not inclined to extend the doctrine of that case.

If an administrator is entitled to a change either from the judge or county in such matters connected with the settlement of his estate as rest in the sound discretion of the court, the result must work great injury to the distributees and creditors of estates because of the delay and expense which will attend the settlement thereof. As we have said, in our judgment, no such right exists.

But it is claimed that the appellee, as treasurer of Carroll county, because of the fact that said county is insisting that it holds a large claim against said estate for unpaid taxes due to the county, has such an adverse interest as against the estate as to render him an improper person to administer upon the same.

But it appears that his term as treasurer will expire before collection can be made and pass into the county treasury. But if not, it was the duty of the appellee to look after the unpaid taxes due to the county, and as no one had taken out letters of administration upon the estate, under the circumstances developed it was very proper for him to do so, as he was the representative of an alleged creditor, that was but an artificial person to whom letters of administration could not issue.

The statute does not regard a person whose financial interests may be adverse to the estate of a decedent as incom-

petent to administer upon the estate if otherwise a suitable person to be charged with the duties of the trust. *Wright* v. *Wright*, 72 Ind. 149. Upon the other hand preference is given to the largest creditor next after the next of kin. Section 2227, R. S. 1881. And ample provision is made for the protection of the estate when the adverse interest of the creditor comes in question. Elliott's Supp., section 389.

We have examined the evidence, and in our opinion it supports the finding of the court.

The court did not err in permitting the appellee to prove that there were unsatisfied mortgages of record upon real estate in Carroll county, held by the decedent in his lifetime; it was a circumstantial fact which the court might consider in determining as to the necessity for an administration of the estate.

The wish of the decedent, communicated to his son, that his estate should not be administered upon, was a mere hearsay statement, and could have no controlling influence with the court in the exercise of its discretion as to whether or not the appellee should be removed from his trust, hence, there was no error in excluding testimony as to such expressed desire.

It is hardly necessary to say that the testimony offered as to the custom of the Carroll Circuit Court in the appointment of administrators was wholly immaterial and impertinent.

We find no error in the record.

Judgment affirmed, with costs.

Filed Jan. 9, 1891.

## ON PETITION FOR A REHEARING.

COFFEY, J.—An earnest petition for a rehearing has been filed in this cause, in which it is insisted that the opinion heretofore handed down does not dispose of all the questions presented by the record. It is insisted that the court should

have set out the complaint and answer, and should have discussed and decided the questions arising thereon.

The complaint consists of four paragraphs, is quite voluminous, and as no question as to its sufficiency was presented to the circuit court, nor its sufficiency questioned here, no good purpose would be subserved by setting it out. Indeed, to do so would uselessly encumber the opinion in the cause. Counsel are in error in their assumption that it is the constitutional duty of this court to make a statement of the questions presented by the several paragraphs of the complaint and render a decision thereon. The duties of this court in matters of this kind has long been settled by adjudicated cases. Buskirk Prac., p. 11; *Willets* v. *Ridgway,* 9 Ind. 367; *Judah* v. *Trustees, etc.,* 23 Ind. 272.

In the latter case cited numerous reasons were assigned for a new trial, but the court refused to set them out in detail, and said : " The question in the record is, Did the court below err in refusing a new trial ? We have decided that question and have, we think, therefore, done all that we are required to do. The reasons relied upon for a new trial, we regard not as questions in the record, but arguments upon the question, to be considered so far as may be necessary to decide the question."

It is earnestly insisted by the appellants that the question as to whether the heirs to an estate, being of full age, may or may not settle such estate without formal administration without interference from strangers, is fairly presented by the record in the cause, and should have been decided.

As to whether this question is presented by the record depends upon whether Stewart, the appellee, is to be regarded as a stranger. Assuming, without deciding, that the record presents this question, we proceed to its consideration. It is claimed that the question arises on demurrer to the answer. So much of the several paragraphs of the complaint as is necessary to an understanding of the question now to be

considered, alleges that Abner H. Bowen died, intestate, on the 10th day of February, 1890, leaving the appellants, who are all of full age and competent to contract, as his only heirs at law; that he left no debts except a few small claims due to merchants, and a small amount due to attorneys as fees; that after his death the appellants agreed to settle the estate and pay the debts without administration; that while they were thus settling said estate the appellee, who is neither a creditor nor a relative, but a stranger to the estate, on the 23d day of April, 1890, took letters of administration on said estate without the knowledge of the appellants; that there was no necessity for administration upon said estate; that the appointment of the appellee was not made at the request of any one legally interested in said estate.

Omitting to demur to the several paragraphs of the complaint the appellee answered, among other things, that he was the county treasurer of Carroll county, the county in which Abner H. Bowen resided at the time of his death, and in which he left an estate to be administered; that at the time of his death said Abner H. was indebted in a large sum, part of which the appellants had refused to pay; that he held mortgages on fifty thousand acres of land in Carroll and adjoining counties, which mortgages were unpaid; that he was indebted to the city of Delphi in the sum of $20,-000 for taxes due on personal property which he had failed to list, and that he was indebted to the county of Carroll in the sum of $40,000 for taxes due on personal property which had never been listed for taxation.

Assuming, without deciding, that the petition upon which the appellee was appointed was defective in not stating that the appellee had an interest in the administration of the estate of Bowen, or the ground upon which he sought to take letters, still his appointment was not void. Where a petition, or notice, is necessary to call into exercise the jurisdiction of a court, or other tribunal, if some petition is filed, or notice given, however defective, if the court adjudges it

sufficient, and acts upon it, the subsequent action of the court, based upon such petition, or notice, is not void. *Pickering* v. *State, etc.*, 106 Ind. 228; *McCormick* v. *Webster,* 89 Ind. 105; *Stout* v. *Woods,* 79 Ind. 108; *State* v. *Wenzel,* 77 Ind. 428; *Barber, etc., Co.* v. *Edgerton,* 125 Ind. 455, and authorities cited.

It can not well be doubted that the heirs to an estate, who are of full age and capable of contracting, may settle such estate without regular administration, free from the interference of third parties, provided the estate owes no debts, and there is nothing to be done by an administrator except to divide such estate among the several heirs. So, they may settle such estate without administration where there are debts, provided the creditors do not object to such settlement, and a court of equity will relieve them from the interference of third persons who procure letters of administration, without their consent, where there is no necessity for such letters. *Taylor* v. *Phillips,* 30 Vt. 238; *Hays* v. *Vickery,* 41 Ind. 583; *Owings* v. *Bates,* 9 Gill, 463; *Babbitt* v. *Bowen,* 32 Vt. 437; *Henderson* v. *Clarke,* 27 Miss. 436; *Needham* v. *Gillett,* 39 Mich. 573; Woerner Am. Law of Administration, section 201; *Fretwell* v. *McLemore,* 52 Ala. 124; *Coldron* v. *Rhode,* 7 Ind. 151; *Hibbard* v. *Kent,* 15 N. H. 516; *Hargroves* v. *Thompson,* 31 Miss. 211; *Walworth* v. *Abel,* 52 Pa. St. 370; *Weaver* v. *Roth,* 105 Pa. St. 408.

Many more authorities to the same effect might be cited, but the question has been so often adjudicated, in effect, in this State that such citation would seem unnecessary.

It has been repeatedly held by this court that where there is no administrator, and the estate is not indebted, the heirs may sue for and recover the assets belonging to the estate. *Moore* v. *Board, etc.,* 59 Ind. 516; *Stebbins* v. *Goldthwait,* 31 Ind. 159; *Mitchell* v. *Dickson,* 53 Ind. 110; *Martin* v. *Reed,* 30 Ind. 218; *Bearss* v. *Montgomery,* 46 Ind. 544; *Williams* v. *Riley,* 88 Ind. 290; *Begien* v. *Freeman,* 75 Ind. 398; *Fer-*

*guson* v. *Barnes,* 58 Ind. 169; *Schneider* v. *Piessner,* 54 Ind. 524.

These cases rest principally upon the ground that where there are no debts the assets of the estate belong to the heirs, and there is no necessity for an administrator.   If letters of administration should be granted to a stranger, who had no interest in the estate, in a case where there was no necessity for an administrator, no doubt the court would, upon a proper application, relieve the heirs from the effect of his unwarranted interference.

But it is not true, as contended by the appellants, nor do the authorities cited so hold, that the heirs may, by agreement among themselves to settle an estate without administration, where there are creditors, deprive such creditors of the right to take letters, or procure others to take them.  So long as there are debts against the estate the heirs can not maintain an action to recover the assets.   So, too, so long as there is a single creditor he has a right to demand that the estate shall be settled in the mode prescribed by the statute, and that the person handling the assets shall give bond securing the proper application of the funds that may come into his hands.   Letters having once been properly granted, the person to whom such grant is made acquires the right to fully administer the estate.

In this case it is admitted by the demurrer that the estate of Abner H. Bowen is largely indebted, not only to private individuals, but to Carroll county.

It is contended, however, that, as the appellee is not a creditor, nor an heir, he is a stranger to the estate, and therefore can not take out letters. Of course Carroll county, as such, can not administer on the estate of Bowen, and if it be true that such estate owes the county forty thousand dollars, which can not be collected without administration, the county is, if the position assumed by the appellants is sustained, without remedy.  But we are not inclined to sustain the position of the appellants in this case.   Carroll county

can act, we think, by its officers and agents. The appellee, as the treasurer of the county, is specially charged with the duty of collecting the taxes due from those liable to assessment within its jurisdiction. If the estate of Bowen owed Carroll county the taxes named in the answer, which could not be collected without administration, we think it was the duty of the appellee, who was charged with the duty of collecting such taxes, to take letters of administration himself, or to procure some one else to do so, to the end that such taxes might be collected.

The court having granted letters to the appellee, the legal presumption existed that the action of the court was right, and the burden was upon the appellants to prove that there was no necessity for administration upon Bowen's estate.

The question as to whether the estate owed the taxes mentioned in the answer was an important question in the case. As to whether he listed all his property for taxation was, at the time of the trial, best known to the appellants, and they being in possession of his property could perhaps have shown that fact. The evidence in the cause was not, in our opinion, of a character to convince the court that there were not taxes due from Bowen's estate on property not listed for taxation.

We have again gone over the record in this cause, and feel warranted in saying that no error has intervened which would authorize a reversal of the judgment of the circuit court.

The petition for a rehearing is overruled.

Filed June 17, 1891.