(Decided 7th June, 1892.)

Ex-Parte in the matter of the Petition of WILLIAM LEE, for administration upon the ESTATE of SARAH H. LEE, deceased.

*Husband and Wife—Administration by Surviving husband upon the Estate of his Deceased wife—Sec. 32 of Art. 93 of the Code—Act of 1892, ch. 571.*

Under section 32 of Article 93 of the Code, which devolves all the personal property of a married woman who shall die intestate, and shall leave no child or children or descendants, on her

surviving husband, it is not necessary for the surviving husband of a deceased wife, who died on the 24th of December, 1891, intestate, without child or descendants, and owing no debts, to obtain letters of administration upon her estate, to enable him to collect a *chose in action* due her at the time of her death; and debtors of her estate would be protected in making payment to the husband.

The Act of 1892, ch. 571, qualifying said section of the Code, has no retroactive operation, and cannnot affect this case which came into existence prior to its passage.

APPEAL from the Orphans' Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, BRYAN, FOWLER, and MCSHERRY, J.

*Daniel M. Thomas*, (with whom were *George R. Willis, Arthur George Brown*, and *Luther M. Reynolds*, on the brief,) for the appellant.

ALVEY, C. J., delivered the opinion of the Court.

This appeal is from the Orphans' Court of Baltimore City, and the question is, whether the surviving husband of a deceased wife, who died intestate and without children or descendants, and owing no debts, is required to obtain letters of administration upon the estate of his deceased wife, to enable him to collect a *chose in action* due the wife at the time of her death.

The facts of the case are these, as presented by the record. Mrs. Sarah H. Lee, the wife of William Lee, the appellant, died intestate on the 24th of December, 1891, leaving no children or descendants; and, as it is alleged, and conceded as a fact, by the appellant, she owed no debts for which she was liable at law. That, at the time of her death, she was entitled to certain credits on

the books of the Savings Bank of Baltimore; and that, after the death of the wife, the surviving husband made proper demand of the bank for payment, informing the bank of the facts of the case, but the bank refused payment, "upon the ground that it was under no obligation to assume, and was not willing to assume, the risk of there being outstanding debts of the deceased wife, of which the surviving husband might be without knowledge, and required that letters of administration should be taken out on the estate of the deceased wife, in order that payment might be made to her duly constituted administrator."

The surviving husband then made application to the Orphans' Court, representing the facts by petition, for letters of administration upon the estate of his deceased wife; but the Orphans' Court, by its order of the 30th of January, 1892, refused the application, upon the ground that, by the terms of the statute, there was no requirement or necessity for administration upon the estate of the deceased wife, on the facts as disclosed.

The question thus presented depends upon the terms of the statute law of the State, as it stood prior to the 7th of April, 1892.

By the common law, the husband, *jure mariti*, became owner of all the personal and real chattels of the wife in possession, and letters of administration *were only necessary* to enable him to reduce into possession, or recover, her *choses in action;* and to these he became entitled absolutely, if reduced into possession in his life-time, whether before or *subsequent* to the death of the wife. *Hubbard and Wife vs. Barcus, et al.*, 38 *Md.*, 180. By the Act of 1798, ch. 101, sub-ch. 5, sec. 8, as embodied in the Code of 1860, (Art. 93, sec. 32,) it was provided that "if the intestate be a married woman it should not, as theretofore, be necessary for the husband to take out letters of administration, but *all her choses*

*in action* should devolve upon her husband in the same manner *as if he had taken out such letters;* provided, that if he should not, in his life-time, reduce said *choses in action* into possession, or obtain judgment thereon, the said *choses in action* should devolve on her representatives, and administration might be granted accordingly."

This section of the Code of 1860, was re-enacted by the Act of 1878, ch. 268, with the additional provision, "that in all cases where the husband should be entitled to a *life estate only* in the property of his wife, upon her death *there should be administration on her estate,* and the personal property should be held subject to the order of the Orphans' Court," &c. Therefore, neither under the Act of 1798, as codified in the Code of 1860, nor the Act of 1878, was it necessary for the husband to take out letters of administration upon the estate of his deceased wife, where she died intestate and without children or descendants, and the husband was entitled to her personal estate, including her *choses in action*, under the provision of the Code. In such case, it was his right to reduce the *choses in action* into possession, either by suit or otherwise, without administration. Section 9 of sub-ch. 5 of the Act of 1798, made section 12 of Art. 45 of the Code of 1860, and now forming section 13 of Art. 45 in the present Code, provides " that a husband bringing a personal action to recover in right of his wife after her death, may declare specially, setting forth, in the usual manner, how the debt or right accrued to his wife, and stating further, that by marriage, the debt or right devolved on him." No administration was necessary, in a case like the present, to perfect the title of the husband, or to enable him to maintain suit for the recovery of any part of the personal estate of the deceased wife; and it was only where the husband, in his life-time, failed to reduce into possession the *choses in action* of the wife, that the law,

upon his death, devolved the title to such *choses in action* upon the representatives of the wife, and made administration on her estate proper or necessary.

Thus stood the law until repealed, and re-enacted as modified, by the Act of 1882, ch. 477, now embodied in the present Code, as section 32 of Art. 93. That section, or the part of it that is material to this case, is as follows:

"If the intestate be a married woman, and shall leave no child or children or descendants, all her personal property, including therein all *choses in action, shall devolve upon her husband absolutely;* and it shall not in such case be necessary for him to administer upon her estate in order to pass title to him, unless she shall be liable in law for debts owing by her; but if the intestate be a married woman, and leave a child or children or descendants, her personal estate, including all *choses in action,* shall devolve upon her administrator, and the surplus of her estate shall be distributed by the Orphans' Court to the husband for his life, and no longer, and after his death, then to her children and descendants, *per stirpes;* and it shall be the duty of the Orphans' Court granting the said administration to direct the mode in which the said estate shall be invested, so as best to secure the rights of children or others interested, after the expiration of the life estate," &c.

It is clear from this section of the Code, as it stood at the time of the death of the wife, that if she died intestate, without child or descendants, and owed no debts, all her personal property, including therein all *choses in action,* would, in the language of the statute, devolve upon her surviving husband absolutely; and, in such case, no administration was required. It was only when she owed debts that administration was authorized, and this was primarily for the protection and security of the creditors, and, secondarily, for the protection of the hus-

band. The debtors of the estate had no interest in the matter of administration. Payment by them to the husband without administration was and would be a complete discharge and protection to them. The title to the personal property of the wife, in such case, including the *choses in action,* vested *eo instanti* the death of the wife in the surviving husband; and he could or may sue for and recover to his possession, in the absence of an administration, simply as surviving husband, any personal property belonging to the wife at the time of her death. It would be no defence to the debtor, according to the law existing at the time of the death of the wife, in December, 1891, that she might possibly owe debts, nor even if it was shown as a fact that she was indebted. The creditors of the wife, if there were any existing, as means of protection to themselves, might have required the husband, or in case of his refusal, some other person, to take out letters of administration upon her estate, and to give bond, and to make discovery of the extent of the assets of the estate, as means of satisfaction of their claims. And so the husband, in order to protect himself against liability for debts of the wife greater than the amount of personal assets devolved upon him by the statute, may apply for and obtain letters of administration, or decline in favor of some other person. But if the surviving husband should think proper to pay off all the subsisting debts of the deceased wife in full without administration, it would seem to be clear, that, in a case of the wife dying intestate and without child or descendants, he would be fully authorized to do so, and that no administration in such case would be necessary, and, if not necessary, ought not to be granted.

At the last session of the Legislature, section 32 of Article 93 of the present Code was repealed, and re-enacted in the same terms that it was enacted by the Act of 1882, ch. 477, with an amendment, or an addi-

In Re Lee's Estate.

tional or qualifying clause, inserted.    After the clause which declares that "it shall not in such case be necessary for him to administer upon her estate in order to pass title to him, *unless he shall be liable in law* for debts owing by her," it is then provided, "but no title whatever to such personal property or *choses in action* shall pass to said husband when administration is *not necessary*, except by an order of the Orphans' Court declaring the same.    Upon application of the said husband the Court shall pass an order *nisi*, which shall be published in such manner and for such time as the Court, in its discretion, may prescribe, and which, after the expiration of said notice, shall be finally ratified by said Court, unless cause to the contrary has been shown."

This Act was approved on the 7th of April, 1892, and it went into effect from that date.    The new provision inserted into the Act by this last enactment has no retroactive operation, and can only operate upon cases that come into existence after the passage of the Act as amended.    It cannot divest previously vested rights, or nullify acts done under previously existing law.    It can have therefore no operation upon this case.

Here it is alleged by the husband, with no assertion by any one to the contrary, that the wife at the time of her death, owed no debts; and such being the case, as shown by the record, there was no necessity for administration, and no such ground shown as would have justified the Orphans' Court in granting letters of administration upon the estate of the deceased wife.

The order of that Court must therefore be affirmed.

*Order affirmed.*

(Decided 7th June, 1892.)