(Decided April 1st, 1897).

---

LYDIA V. WILKINSON by Her Husband, etc., *vs.* ALEXANDER H. ROBERTSON, Administrator.

*Executors and Administrators—No Administration Necessary or Proper Upon Estate of Wife Dying Intestate, Without Issue, Owing no Debts and with Husband Surviving.*

Under the Act of 1892, chap. 571, when a married woman dies without issue, owing no debts and leaving her husband surviving, her personal property devolves upon him without any letters of administration, but the title to the same is suspended until the Orphans' Court passes an order declaring that it shall pass.    In such case, since no letters of administration upon the estate of the deceased wife are necessary, it is erroneous to grant the same, and if granted, they should be revoked.

Appeal from an order of the Orphans' Court of Baltimore City.

The cause was argued before McSherry, C. J., Bryan, Fowler, Briscoe, Page, Boyd and Russum, JJ.

*Wm. Reynolds* (with whom was *Richard Laws Lee*, on the brief), for the appellant.

*Alexander H. Robertson*, for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

It appears by the record now before us that Amanda C. Ford, the wife of J. Donaldson Ford, died in April, 1892, without issue, owing no debts and leaving her husband surviving her. She was possessed at the time of her decease of personal chattels valued at something over six hundred dollars, two or three hundred dollars on deposit in bank and a one-half undivided interest in a leasehold house and lot in Baltimore, worth about seven hundred dollars. In the latter part of June of the same year J. Donaldson Ford, the surviving husband, conveyed by deed to Jennie L. Billups, the sister of his deceased wife, all the interest which he, as surviving husband, had acquired under the laws of Maryland, in this leasehold property owned by his wife. On November the seventeenth, 1896, the surviving husband filed in the Orphans' Court of Baltimore City a renunciation of his right to administer on his wife's estate, and at the same time requested that letters be granted to Mr. Alexander H. Robertson, the appellee. Accordingly on the same day letters of administration were granted to Mr. Robertson, and forthwith an order was passed directing the administrator to give the usual notice to creditors. Thirteen days afterwards the administrator filed a petition stating that the only estate of the decedent, which had come to his hands, was this undivided one-half interest in the leasehold house and lot that had been conveyed by the surviving husband to his sister-in-law more than four years previously, and praying that an order might be passed authorizing the sale of the leasehold estate for the purpose of raising funds with which " to pay the expenses and debts of the administration." The same day the order prayed for was passed. Jennie L. Billups having

married Edwin Wilkinson, went into the Orphans' Court by petition on December the sixteenth, 1896, and asked that the order appointing Mr. Robertson administrator, and the order directing a sale of the property that had been previously conveyed to her, might each be rescinded; and on the same day that petition was dismissed. From the order of dismissal the pending appeal was taken.

The single question is, was administration on the deceased wife's estate necessary under the circumstances? If it was not, then the order granting it was erroneous; and if that order was erroneous, the subsequent one founded on it and authorizing a sale to be made by Mr. Robertson is necessarily erroneous also.

As the law stood prior to the adoption of the Act of 1892, ch. 571, when a married woman died intestate and without children, her personal property devolved upon her surviving husband, and no administration was necessary to perfect his title, though, if he desired to protect himself from liability for her debts, in the event that she owed any, he could apply for and obtain letters of administration. This right to administer depended altogether on the fact that *she owed debts*. If she owed no debts there was no necessity for administration, and none could be granted. *In re Lee's estate*, 76 Md. 108. This decision gave a construction to sec. 32, Art. 93 of the Code. That section, as it stood before the Act of 1892, was passed, provided that:

"If the intestate be a married woman and shall leave no child or children or descendants, all her personal property, including therein all choses in action, shall devolve upon her husband absolutely; and it shall not in such case be necessary for him to administer upon her estate in order to pass title to him, unless she shall be liable in law for debts owing by her; but if the intestate be a married woman and leave a child," &c. By the Act of 1892, ch. 571, this section was repealed, then literally re-enacted with an amendment which consists of the addition of the following pro-

vision immediately after the words "debts owing by her," viz., "but no title whatever to such personal property or choses in action shall pass to the said husband when administration is not necessary, except by an order of the Orphans' Court declaring the same. Upon application of the said husband the Court shall pass an order *nisi*, which shall be published in such manner, and for such time as the Court in its discretion may prescribe, and which, after the expiration of said notice, shall be finally ratified by said Court, unless cause to the contrary has been shown." Now, it is perfectly obvious that as respects the *necessity* for an administration on the estate of a deceased married woman, the Act of 1892 makes no change; for its whole purpose as manifested by the exact re-enactment of the original section was—not to take away from the husband the title to the property which the law devolved upon him —but to suspend the actual passing of that title, where no administration was necessary, except upon an order of the Orphans' Court declaring that the title shall pass. The *right* of the husband to the property is unaffected by the Act of 1892 ; the instances where an administration on the wife's estate is necessary, are precisely the same as they were before the Act of 1892 was adopted; and there is consequently no occasion to administer *now*, if under similar conditions an administration would not have been required under sec. 32 of Art. 93, as it stood prior to its being amended. But we have seen that before the adoption of the Act of 1892, there was no necessity for administration if the wife owed no debts, and if there was no necessity to administer *then*, administration even at the instance of the husband was improvident, and if improvident, erroneous. This is precisely what was ruled *In re Lee's estate*, *supra*. The Act of 1892 leaves this conclusion untouched, and, therefore, the law of Maryland still is just as it was announced in the case last cited. The record shows that the wife owed no debts at all ; and that the sole object for which a sale of the leasehold property is sought, is to raise

funds to pay the expenses and debts of the administration. Apparently the administration was procured, not because the decedent owed any debts in her lifetime, but with a view that expenses and debts might be created, and then that a sale of the leasehold might be ordered so that these administration expenses and debts could be paid.   Such an object furnishes the Orphans' Court no jurisdiction either to grant letters of administration on the wife's estate, or to order a sale of any part thereof; and it necessarily follows that there was error in passing the orders of November the seventeenth and thirtieth, 1896; and hence the petition asking a rescission of those orders should not have been dismissed.

In disposing of this case we have confined ourselves to the single question involved.

For the error in dismissing the petition of the appellants filed on the sixteenth of December, eighteen hundred and ninety-six, the order appealed from must be reversed, and the cause will be remanded to the end that an order conforming to this opinion may be signed.

> *Order reversed with costs above and*
> *below and cause remanded.*

(Decided April 1st, 1897.)