## EMERY v. EMERY.

ADMINISTRATION, REVOCATION OF LETTERS OF; DISTRIBUTION.

1. By sec. 1160, D. C. Code, the husband of a woman dying intestate is entitled to administer her estate, and, after paying her debts, is entitled to all of her personal estate to the exclusion of her children.
2. Letters of administration granted to a party upon a misstatement or misconception of the facts may be revoked, and the party really entitled thereto appointed administrator.
3. Where the probate court has granted letters of administration to the son of an intestate upon a petition by him reciting that the husband of the intestate has not been heard of for more than fifteen years, it properly revokes its order upon a subsequent petition by the husband, and grants letters to him.

No. 2969.  Submitted December 4, 1916.  Decided January 2, 1917.

HEARING on an appeal from an order of the Supreme Court of the District of Columbia, sitting as a probate court, granting a petition for the revocation of letters of administration and the grant of letters to the petitioner.           *Affirmed.*

The COURT in the opinion stated the facts as follows:

Abbie A. Emery died intestate in the District of Columbia July 26, 1915.  Application for letters of administration were applied for by one of her sons, Fred A. Emery.  Petition was filed August 21, 1915, wherein the petitioner made the following allegations: That the said Abbie A. Emery left surviving her as the next of kin your petitioner, her son, Fred A. Emery,

adult, who has resided with the said Abbie A. Emery all of her life; her daughter, Ina C. Emery, adult, who has resided with the said Abbie A. Emery all of her life; a son, Frank D. Emery, adult, who formerly resided at Clarendon, Virginia, but whose postoffice address is not known to your petitioner; Clara Emery Carrington, granddaughter, who has resided with the said Abbie A. Emery for the past six years; George S. Emery, who was the husband of the said Abbie A. Emery, but who has not contributed to the support of the decedent or her family for more than twenty years, and whose postoffice address is not known to your petitioner, who has not received any word from him, directly or indirectly, for more than fifteen years. It is also alleged that the only debts which the deceased left were on account of her last illness and burial; livery bill, not exceeding $50; and other expenses. On the same day letters were issued to said Fred A. Emery, and a bond required of $1,500.

October 3, 1915, George S. Emery filed a petition alleging that he was the surviving husband of the intestate, and entitled to her estate and to administration thereon, and asked the revocation of the aforesaid letters and a grant to him of administration. He alleges residence in South Dakota, and that the petitioner, Fred A. Emery, knew that he was living there and was able to administer on said estate, and took out letters without notice to him.

By the provisions of the Code of the District of Columbia sec. 1160 [31 Stat. at L. 1375, chap. 854] the husband of a woman dying intestate shall be entitled to administer on her estate, and he is entitled to preference. It also provides that after payment of her debts her personal estate shall be the property of the husband. The giving of notice of letters of administration is within the discretion of the court, and that discretion was apparently exercised by reason of the fact that the surviving husband might be presumed to be dead; under the allegation of the application all other children of decedent having waived their right in favor of the applicant. The necessary facts are that the husband was living at the wife's death and at

the time of the issue of the letters of administration. The record is full of affidavits of irrelevant facts.

The court, upon hearing the petition, entered a decree revoking the letters granted to Fred A. Emery, and issued letters to George S. Emery. From this order appeal has been taken.

*Mr. C. H. Merillat,* for the appellant, in his brief cited:

D. C. Code, secs. 116, 119, 123, 124, 125, 126, 296, 363, 252–253, 273, 276, 277, 281, 289, 291, 1160, Probate Rule 10, Maryland Act of 1798, chap. 101; *Conemaugh Gas Co. v. Jackson Co.* 186 Pa. 443; *Cooke v. Speare,* 13 App. 446; *Dalrymple v. Gamble,* 66 Md. 298; *Edwards v. Bruce,* 8 Md. 387; *Ehlen v. Ehlen,* 64 Md. —; *Hoffman v. Gold,* 8 Gill & J. 80; *Re Patten,* 7 Mackey, 405; *Lentz v. Pilert,* 60 Md. 296; *Levering v. Levering,* 64 Md. 399; *Lewis v. Luckett,* 32 App. D. C. 192; *Lutz v. Mahan,* 80 Md. 233; *McCarthy v. McCarthy,* 20 App. D. C. 200; *McGuire v. Rogers,* 76 Md. 587; *Odiorne's App.* 54 Pa. 175; *Owings v. Bates,* 9 Gill, 43; *Pollard v. Mohter,* 55 Md. 289; *Raborg v. Hammond,* 2 Harr. & G. 32; *Richardson v. Daggett,* 24 App. D. C. 440–44; *State v. Cheran R. Co.* 185 S. C. 528; *Thomas v. Knighton,* 23 Md. 326; *Sterrett v. Trust Co.* 10 App. 138; *Ward v. Thompson,* 6 Gill & J. 349; *Wilcoxsen v. Reese,* 63 Md. 542; *Wilkinson v. Robertson,* 85 Md. 447; *Williams v. Addison,* 93 Md. 42; *Williams v. Williams,* 24 App. 216; *Wilson v. Ames,* MacArth. & M. 278; *Young v. Young,* 3 Gill, 285.

*Mr. Fred B. Rhodes* and *Mr. Paul B. Cromelin,* for the appellee, in their brief cited:

*Dalrymple v. Gamble,* 66 Md. 298; *Ehlen v. Ehlen,* 64 Md. 360; *Ex parte Young,* 8 Gill. 285; *Georgetown College v. Brown,* 34 Md. 459; *Lewis v. Luckett,* 32 App. D. C. 182; *Lentz v. Pilert,* 60 Md. 296; *Lutz v. Mahan,* 80 Md. 233; *McCarthy v. McCarthy,* 20 App. D. C. 195, 30 W. L. R. 243; *Owings v. Bates,* 9 Gill, 463; *Raborg v. Hammond,* 2 Harr. & G. 42; *Thomas v. Knighton,* 23 Md. 318; *Ward v. Thompson,* 6 Gill. & J. 234; *Wilcoxen v. Reese,* 63 Md. 542; *Wilkinson*

v. *Robertson,* 85 Md. 447; *Williams* v. *Addison,* 93 Md. 42; *Williams* v. *Williams,* 24 App. D. C. 214; D. C. Code, secs. 1160, 261, 288, 289, Probate Rule 10, Probate Rule 17.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

It is a contention on behalf of appellant that, the court having granted letters, had no power to revoke the same except for the causes provided in the Code. Those causes relate to matters of administration and connected therewith, and do not prevent the court from revoking letters which had been issued upon a mistaken assumption of facts.

It is well settled in Maryland, from whence our probate system is derived, that once letters have been granted to a party upon a misstatement or misconception of the facts, the same may be revoked and the party really entitled thereto appointed. *Ward* v. *Thompson,* 6 Gill & J. 350; *Owings* v. *Bates,* 9 Gill, 463; *Wilcoxon* v. *Reese,* 63 Md. 542; *Dalrymple* v. *Gamble,* 66 Md. 298–311, 7 Atl. 683, 8 Atl. 468; *Wilkinson* v. *Robertson,* 85 Md. 449, 37 Atl. 208.

The action of the court was without error in this case. There were no debts of the intestate, and by the terms of the Code her husband became entitled to the whole of her personal estate. The children had no interest therein.

The order is affirmed with costs.                     *Affirmed.*