BELL, ADMINISTRATRIX, *v.* BELL.

[No. 14,157.    Filed March 10, 1932.]

146

*Roscoe D. Wheat* and *Ewbank & Dowden,* for appellant.

*James J. Moran,* for appellee.

CURTIS, J.—On April 28, 1919, one Simeon K. Bell died. On October 25, 1920, in the Jay Circuit Court, what purported to be his last will was duly probated. No letters were ever applied for or issued under the will. On April 3, 1929, Leora Cooper Bell, his daughter-in-law, filed a verified application for letters of administration upon his estate, alleging therein, among other things, that said "Simeon K. Bell departed this life, intestate, at Portland in Jay County, Indiana, on the 28th day of April 1919, without leaving any last will and testament to her knowledge and belief," and that he left a personal estate of the probable value of $3,000, and that he left surviving him as his sole and only heirs at law one son, D. Ward Bell, the appellee, and herself, widow and sole heir of one John Bell, a deceased son of Simeon K. Bell. The application was *ex parte,* and, on the same day it was filed, the court granted same and issued letters to her and fixed and approved her bond. Ten days later, and at the same term of court, the ap-

pellee, under leave of court, filed his verified intervening petition, seeking to set aside the said order of appointment and to revoke the said letters, alleging, in substance, in said petition: That Simeon K. Bell, at his death, left surviving him the appellee and one John Bell, a brother of the appellee, as his sole and only heirs at law and legatees and devisees; that, under the terms of his will, no other persons became interested in any manner in his estate; that the last will and testament of Simeon K. Bell was duly and legally probated in the Jay Circuit Court on October 25, 1920, and recorded in Will Record F at pages 37 and 38 in the clerk's office of the Jay Circuit Court, Jay County, Indiana. The intervening petition then set out the will verbatim, and then further alleged that said John Bell died July 18, 1920, intestate, leaving the appellant as his widow and sole heir; that she was appointed as administratrix of her husband's estate; that, during the settlement of her husband's estate, numerous legal controversies arose between her individually and as such administratrix and the appellee herein relative to property rights between her deceased husband's estate and the state of Simeon K. Bell, and between her individually and the appellee as to the property rights of each in the estate of said Simeon K. Bell; that litigation followed said disputes, and that two actions were brought by her in her individual capacity and one in her representative capacity against the appellee to settle said disputes; that, while said causes were pending, a settlement was reached, which was reduced to writing, by the terms of which the appellee paid the appellant the sum of $18,000, which she accepted in full settlement of said disputes; that said settlement contract was fully carried out by both parties and has never been repudiated or set aside and that no part of said $18,000, received by the appellant has been returned to either of said estates or to the ap-

pellee; that in carrying out said contract, the appellee paid out approximately $11,000, in settling claims against the estate of John Bell; that, in accordance with said settlement, all the assets of both estates became the property of the appellee; that, in accordance with the terms of said settlement contract, the appellant filed her final account and report in her said deceased husband's estate on January 10, 1922, and that thereafter, in February, 1922, she was discharged as such administratrix. That, on the day the letters of administration were issued to her upon the estate of Simeon K. Bell, she demanded of the appellee the possession of certain Liberty Bonds as the property of said estate; that said bonds are the property of the appellee and became his by virtue of said settlement heretofore mentioned; that no part of said bonds belong to the appellant, and that no part of said bonds or any other property owned by Simeon K. Bell in his lifetime is needed or required to pay any indebtedness whatever of the estate of Simeon K. Bell; that said appellant has no right to take charge of said property in any manner for the purpose of conserving the same, nor has she any right to administer upon said property or upon any property that was owned by Simeon K. Bell in his lifetime; that she is a mere volunteer in this behalf; that the said last will and testament of Simeon K. Bell has never been revoked or set aside, but that the same is now in full force and effect and that, by Item 5 thereof, all of the personal property, bonds, mortgages, etc., left by Simeon K. Bell became the property of the appellee, subject only to the payment of the debts and claims of said estate, which were fully paid and discharged long before the issuing of the letters to the appellant in said estate; that the state inheritance tax and the estate tax due the United States Government from said estate were determined in the year 1920, and, when so determined, were paid and discharged; that, at

the time of the granting of said letters to the appellant, the appellee had no knowledge or notice that an application therefor was being made. The intervening petition asks that "the order granting such letters to her to administer upon the estate of Simeon K. Bell should be vacated, set aside, expunged and revoked, and the said Leora Cooper Bell should be discharged as such administratrix of the estate of Simeon K. Bell, deceased."

To the intervening petition, the appellant filed an amended answer and also a cross-complaint covering 27 and 25 pages respectively of her brief. The appellee filed a motion "to strike out and reject all pleadings addressed by Leora Cooper Bell, administratrix of said estate," as follows: "Comes now, D. Ward Bell and moves the court to strike out and reject the amended answer to the intervening petition as heretofore filed by D. Ward Bell; said amended answer being filed by said administratrix December 7, 1929. That said intervening petitioner further moves the court to strike out and reject the cross-complaint filed by said administratrix on December 7, 1929 and any other pleading addressed by said Leora Cooper Bell to the intervening petition filed in said cause by D. Ward Bell, for the reason that the only issue presented by the intervening petition is summary in its nature, merely the vacation and setting aside of an order granting letters to Leora Cooper Bell as fully set forth and pleaded in the intervening petition of D. Ward Bell as filed April 13, 1929. That no issue can be joined upon the intervening petition by an affirmative pleading such as above designated as being filed by the administratrix herein."

The motion above set forth was sustained and an exception taken. The matter was then submitted. The finding and judgment are as follows: "Comes now the parties by counsel in open court and the administratrix Leora Cooper Bell refuses to plead further and abides

by the ruling of the court heretofore striking out her answer and cross-complaint.

"The matter is now submitted to the court on the verified intervening petition heretofore filed by D. Ward Bell and the court now being fully advised in the premises finds for the intervening petitioner, D. Ward Bell; that the allegations of his petition are true and the court now finds that the order of the Jay Circuit Court heretofore entered of record appointing Leora Cooper Bell, administratrix of the estate of Simeon K. Bell deceased, should be set aside and vacated and the letters to her issued revoked.

"It is therefore considered, ordered and adjudged by the court that the order heretofore entered herein appointing Leora Cooper Bell, deceased be and the same is hereby set aside and vacated, and the letters to her issued, are hereby revoked; and that said D. Ward Bell do have and recover of and from said Leora Cooper Bell his costs herein, to which ruling and judgment of the court Leora Cooper Bell excepts separately and severally, and prays an appeal to the Appellate Court of the State of Indiana, which prayer of appeal is granted and the court now fixes the appeal bond of said Leora Cooper Bell in the sum of Two Hundred Dollars ($200.00)."

The errors relied upon for reversal are as follows: (1) The court erred in sustaining the motion of D. Ward Bell to strike out and reject the amended answer of Leora Cooper Bell, administratrix of the estate of Simeon K. Bell, deceased, filed to the intervening petition of D. Ward Bell; (2) the court erred in sustaining the motion of D. Ward Bell to strike out and reject the cross-complaint of Leora Cooper Bell, administratrix of the estate of Simeon K. Bell, deceased, filed to the intervening petition of D. Ward Bell; (3) the court erred in refusing to permit appellant to be heard by plea,

answer or otherwise, and in summarily revoking and setting aside the letters of administration theretofore issued to appellant, without hearing or considering anything except the intervening petition filed by appellee; (4) the court erred in striking out and rejecting each of the amended answer and the cross-complaint of appellant and hearing and deciding the case summarily upon the consideration only of the verified intervening petition filed by appellee; and in summarily revoking, vacating and setting aside the letters of administration theretofore granted to appellant, solely upon consideration of said intervening petition filed by appellee.

The amended answer of appellant, in effect, says that the purported will set out in the intervening petition of the appellee and probated and recorded as therein set forth was a forged instrument and that, by reason of that fact, the said Simeon K. Bell died intestate; that said forgery was known to the appellee at the time said will was probated, and that, in fact, the appellee procured said will to be written and forged, and proved by perjured testimony, and that thereby a fraud was committed upon both the court and the appellant; that appellant did not know of said fraud until immediately before filing her said application for letters; that the appellee also forged deeds to certain real estate described, whereby title thereto was purported to be conveyed by Simeon K. Bell to the appellee; that certain personal property belonging to Simeon K. Bell in his lifetime and described is, owing to said intestacy, undisposed of; that said estate of Simeon K. Bell was at the time of his death and now is of the value of $120,000, to which she was entitled to one-half; that her deceased husband John Bell's estate was of the value of $30,000, to all of which she was entitled; that she reposed confidence in her said brother-in-law, the appellee, and that, due to his fraudulent conduct, she was de-

ceived and defrauded and induced to make the settlement heretofore referred to, to her damage, and that, by reason of the matters so alleged, the prayer of the intervening petition of the appellee should be refused and the letters issued to the appellant should be confirmed. The cross-complaint alleged substantially the same facts as the amended answer and asked for "an order and judgment of this court setting aside and vacating the probate and record of the pretended, false and forged will of Simeon K. Bell, deceased, as appears of record in Probate Order-Book No. 27 at Page 56 in the office of the Clerk of this Court; that the false and forged deed of Simeon K. Bell to D. Ward Bell, dated October 31st, 1917, and recorded in Deed Record No. 73 at page 59 of the records in the office of the Recorder of Jay County, Indiana, be set aside and vacated; that the receipt and contract signed by Leora Bell on the 10th day of January, 1922, to D. Ward Bell and called the 'settlement' in the intervening petition of D. Ward Bell be set aside and vacated; that the quit-claim deed executed by Leora Cooper Bell to D. Ward Bell on the 10th day of January, 1922, as a part of said settlement and delivered to said D. Ward Bell and recorded in Deed Record No. 74 at page No. 225 of the records in the office of the recorder of Jay County, Indiana, be set aside and vacated and that the appointment of Leora Cooper Bell, as Administratrix of the estate of Simeon K. Bell, deceased, be confirmed, and for all other proper relief."

In the instant case, in an *ex parte* proceeding, on April 2, 1929, the letters in question were granted to the appellant by the Jay Circuit Court, on her verfied application, wherein she represented to the court that Simeon K. Bell died intestate. At that time, and in fact since October 25, 1920, a period

of about eight and one-half years, his will had been duly probated in said court and duly recorded in the will record of said county. Neither the will nor the probate thereof had ever been challenged in any manner provided by law. There was no showing that, as to any of his property, Simeon K. Bell died intestate unless said will be set aside. There was no showing that there were any unpaid debts or claims against said estate. When the court's attention was called to these facts by the intervening petition filed at the same term and within 11 days after the letters were granted, the court by its own records could determine that the letters in question had been improvidently issued and should be revoked. These records of the court were ample upon which to act, and it was both the right and the duty of the court to revoke such letters as having been irregularly and improvidently granted. Section 3485 Burns 1926 provides the method of contesting the validity of a will and of resisting the probate thereof within the period of one year from the time it has been offered for probate by filing a complaint verified by affidavit "setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress, or was obtained by fraud, or any other valid objection to its validity or the probate thereof; and the executor and all other persons beneficially interested therein shall be made defendants thereto." See, also, *Bartlett* v. *Manor* (1897), 146 Ind. 621, 45 N. E. 1060; *Steinkuhler* v. *Wempner* (1907), 169 Ind. 154, 81 N. E. 482, 15 L. R. A. (N. S.) 673, note; *Watson* v. *Glover* (1884), 77 Ala. 323. Under the above statute and the authorities, which are numerous, there is no doubt but that an order of probate, not vacated in an appropriate proceeding for that purpose within one year from the date the will is offered for probate, becomes unimpeach-

able and conclusive except as to infants and persons absent from the state or of unsound mind. See above authorities.

The order of probate in the instant case cannot be impeached in the manner attempted by the amended answer and by the cross-complaint. The effect of the letters under the record in this case is to impeach the order of probate. There was no error in striking out the amended answer and cross-complaint. Such a proceeding as this is summary in its very nature. See *Bowen* v. *Stewart, Admr.* (1891), 128 Ind. 507, 26 N. E. 168.

This case is not governed by the general statutory proceedings for the removal of an executor or administrator as provided by §3090 Burns 1926.

If the allegations of fraud in the appellant's amended answer and in her cross-complaint are true, and if she has any present rights arising out of the alleged fraudulent acts of the appellee (a matter upon which we express no opinion), she must pursue some other remedy than the one here attempted.

The appellee has pointed out in his brief other infirmities in the appellant's contentions, but we have not deemed it necessary to discuss them, in view of the conclusions reached. We find no reversible error.

Judgment affirmed.

### CONCURRING OPINION IN PART.

KIME, J.—I agree with all the opinion except that which seems to intimate that an order of probate cannot be set aside for fraud after the expiration of one year. I believe fraud should always be grounds for setting aside any action of the court if discovered and action taken thereon within a reasonable time. If it were otherwise, justice cannot be administered *completely* as guaranteed by our Constitution. Equity has the in-

herent power to relieve where fraud has been practiced upon the court. This cannot be abridged except by positive, specific and direct legislation. It should not be done by inference.