## MORRIS et al. v. FOSTER et al.

(Court of Appeals of District of Columbia. Submitted January 3, 1922. Decided February 6, 1922.)

No. 3710.

1. **Executors and administrators** ⟝29(5)—**Appointment of administrator is not an adjudication of intestacy.**

In view of Code of Law 1901, § 290, providing that the subsequent discovery and probate of a will shall revoke letters of administration, an order granting letters of administration, when it was known that a will executed by decedent was in existence, so that the letters were improvidently granted, was not an adjudication that decedent died intestate.

2. **Wills** ⟝719—**Silence of beneficiary, after letter stating that application for letters of administration would be made on ground of intestacy, held not to estop claim under will.**

Where a nonresident beneficiary under a will was informed by letter that the husband of testatrix claimed that his marriage and the birth of issue subsequent to the execution of the will revoked it, and that he would apply for letters of administration, the silence of the beneficiary did not estop her from thereafter asserting her rights under the will, since she had a right to assume, under Code of Law 1901, § 140, that, unless she signed and acknowledged waiver of her rights, nothing would be done affecting her interests without the notice required by that section.

3. **Attorney and client** ⟝20—**Attorney can properly represent two beneficiaries under a will, whose interests do not conflict.**

The interests of an infant daughter of testatrix, who would take more under the will than in case of intestacy, did not conflict with the interests of another beneficiary, so that it was not improper for counsel for the infant to enter their appearance also as counsel for the other beneficiary.

4. **Wills** ⟝191—**Subsequent marriage and birth of issue do not revoke.**

Under Code of Law 1901, § 1626, specifying the manner in which a will may be revoked, and concluding with the words, "any former law or

usage to the contrary notwithstanding," a will is no longer revoked by the marriage of testatrix subsequent to its execution and the birth of issue who are necessarily not provided for in the will.

5. **Wills ⬤⇒361—Beneficiary under will established by decree is proper appellee.**

On appeal from a decree admitting a will to probate, a beneficiary under the will, who had been permitted to appear in the probate court in support of the will, was a proper appellee, and entitled to oppose the appeal alone, especially where she had been formally designated as a party appellee.

Appeal from the Supreme Court of the District of Columbia.

Proceeding to probate a will by Mary Helen McNeely and another, by their guardian ad litem, opposed by Charles H. Morris and others, in which Ella Finley Foster entered her appearance in support of the will. From a decree admitting the will to probate, Charles H. Morris and others, including Mary Helen McNeely, appeal. Affirmed.

L. A. Bailey and Walter M. Bastian, both of Washington, D. C., for appellants.

Nina I. Thomas, of Washington, D. C., for appellees.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District on June 30, 1921, admitting to probate and record a paper writing dated May 11, 1904, as the last will and testament of Bridget A. Morris, who died in the District of Columbia on May 11, 1909.

In 1892 the testatrix married Samuel A. McNeely, and of this marriage three children were born, two of whom, John and Mary Helen McNeely, are living; the third child, Elsie McNeely, having died in 1904 unmarried and intestate. A divorce was granted testatrix on November 22, 1907, and on December 10th, following, she married appellant Charles H. Morris. Of this union one child, Anna Marie Morris, was born on December 14, 1908.

Upon the death of his wife, Morris filed in the probate court of this District a petition praying that he be appointed administrator of her estate. In that petition he set forth that since the death of his wife "a certain paper writing bearing date May 11, 1904, and purporting to be her last will and testament, disposing of her entire estate, was filed in this court, but no further proceedings have been had in reference thereto." He further averred that, by reason of her subsequent marriage to him and the birth of the child, "for whom the decedent made no provision by will or previous settlement, the said paper writing became and is wholly inoperative and invalid, and that the said Bridget A. Morris died intestate." The petition then averred that the persons named in the will, other than the three children, resided in the city of Washington, "excepting only the said Ella Finley, who is now Mrs. Ella Foster, wife of Mr. William Foster, and who resides at Compania de Real del Montey Pachuca, Hacienda de Loreto, Pachuca, Hgo., Mexico." Thereupon a guardian ad litem was appointed for the children, and Morris, through his attorney, filed a motion, verified by him, in which he sought to have the court "waive process by publi-

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cation and all other and further notice to the said Mrs. Ella Foster."

In this paper he set forth that, through his attorney, he had sent a letter addressed to Mrs. Foster, a copy of which was annexed, but that no reply had been received. In the letter referred to Mrs. Foster was informed of the death of her sister, of the existence of the will in which she was named as a beneficiary, of her sister's marriage to Morris, that Morris had been advised by counsel that such marriage and the birth of the child, then living, invalidated the will, and that Morris had filed a petition for his appointment as administrator of the estate. Mrs. Foster was further informed in this letter that the entire estate would go to her sister's four children and to Morris "as tenant by curtesy." The letter closed with a request that Mrs. Foster "sign and acknowledge before a United States consul or clerk of the court or notary public and return to me the paper which I inclose herewith for me to file in the probate court as evidence of your assent to the prayers of his [Morris'] petition." Thereupon the court entered an order reciting "that notice of said petition was given to Mrs. Ella Foster by the means and in the manner set forth in the affidavit of the said Charles H. Morris" (to which we have just referred), and that further notice "by citation, publication, or otherwise" was waived; the order concluding with the appointment of Morris as administrator of the personal estate. Two days later Morris filed a petition, in his own right and as administrator, in which he set forth the amount of the personal estate, averred that as the surviving husband of the decedent he was entitled to all of the personal estate in his own right, and prayed that he be permitted to file a special bond under the provisions of section 275 of the Code. This petition was granted.

In August of 1920 Morris filed a bill in equity in the Supreme Court of the District, seeking the sale of his wife's real estate and partition of the proceeds, alleging that the wife died intestate. Nina I. Thomas was appointed guardian ad litem for the two infant defendants, Mary Helen McNeely and Anna Marie Morris. Thereupon the guardian ad litem, by authorization of the court, filed a petition on the probate side of the court for the probate and record of the will of Mrs. Morris, alleging, inter alia, that, as the interests of the two defendants apparently were antagonistic, Walter M. Bastian had been appointed guardian ad litem for Anna Marie Morris. To this petition Morris filed a plea setting forth the antecedent proceedings, and averring that the court, in 1909, had "adjudged said paper writing to be ineffective and invalid as the last will and testament of said decedent." On July 25, 1921, appearance for Ella Finley Foster was entered below by Nina I. Thomas, who thereafter entered her appearance in this court for Mrs. Foster and the infant appellee. Upon attaining her majority the latter, Mary Helen McNeely, obtained leave of court to be made a party appellant, Mrs. Foster remaining as the sole party appellee.

[1] We first will consider the question whether the order of 1909, granting letters of administration to Morris, amounted to an adjudication that Mrs. Morris died intestate. The petition upon which that order was based made known the existence of the will and the parties interested therein and averred that no proceedings had been taken for the probate of the will. It did not seek an adjudication as to the

will and the order is silent on that point. The explanation of the court's failure to make any finding as to the will is found in section 290 of the Code, which provides:

"If administration be granted, and a will disposing of the estate of the deceased shall afterwards be proved according to law, and letters testamentary shall have issued thereon, the same shall be considered a revocation of the letters of administration."

Under the facts of this case, there can be no doubt that the letters of administration to Morris were improvidently issued. See In re Estate of Henry Coit, 3 App. D. C. 246.

[2] Nor was Mrs. Foster estopped by anything that occurred in the proceeding for the appointment of the administrator from thereafter asserting her rights under the will, since she was not served with the notice required by section 140 of the Code, relating to "Trial of Issues as to Wills." The letter to her certainly did not amount to such a notice. Moreover, in view of its concluding paragraph and the provisions of the Code, she had a right to assume that, unless she signed and acknowledged a waiver of her rights, nothing would be done affecting her interests until the provisions of the law as to notice had been complied with. The position of counsel for appellants on this question is inconsistent. On the one hand, they contend that the issue raised by the petition for the appointment of an administrator was whether Mrs. Morris died intestate—that is, that the validity of her alleged will was in issue—while, on the other hand, they contend that they were under no obligation to comply with the plain provisions of the statute as to notice.

[3] There is no conflict between the interests of Mrs. Foster and Mary Helen McNeely, as suggested by appellants. Each is a beneficiary under the will, and, if the will is sustained, Miss McNeely's interest in the estate will be greater than in the case of intestacy. There was no impropriety, therefore, in counsel for Miss McNeely appearing for Mrs. Foster.

[4] This brings us to the contention of appellant that the subsequent marriage and birth of issue to Mrs. Morris rendered her will inoperative, "under the well-established rule of the common law." As no caveat to the will has been filed, this question really is not before us, and therefore would not be considered ordinarily. It appearing, however, that the will disposes of both realty and personalty, that the time for filing a caveat has not expired, that the question has been fully presented by counsel on either side, and that this is a proceeding of an equitable character, we will dispose of the question now and save further expense.

Section 1626 of the Code specifies with particularity the manner in which a will may be revoked, and concludes with the words "any former law or usage to the contrary notwithstanding." In McGowan v. Elroy, 28 App. D. C. 188, one of the questions was whether a conveyance of land previously devised by will operated as a revocation of the will, notwithstanding the cancellation of the deed for fraud and undue influence. The court said:

"The question is an unimportant one, however, in view of the provisions of our Code, which declares the manner in which wills shall be revoked, and concludes with the words, 'any former law or usage to the contrary notwithstanding.'"

This ruling, made more than 15 years ago, accorded to the quoted words of the Code their plain and ordinary meaning, and a different conclusion now would require very cogent reasons. Counsel for appellants rely on the decisions of the courts of Maryland, Michigan, and Massachusetts. See Baldwin v. Spriggs, 65 Md. 373, 5 Atl. 295, Durfee v. Risch, 142 Mich. 504, 105 N. W. 1114, 5 L. R. A. (N. S.) 1084, 7 Ann. Cas. 785, and Nutt v. Norton, 142 Mass. 242, 7 N. E. 720. It is unnecessary to review those decisions, however, because of the difference between the statutes in those states and our Code. The words "any former law or usage to the contrary notwithstanding" were stricken from the Maryland statute in 1860, while the decision in the Baldwin Case was in 1886. In Michigan the statute provided the manner in which wills might be revoked and concluded with the words:

"Excepting only that nothing contained in this section shall prevent the revocation implied by law from subsequent changes in the condition of the testator."

And in Massachusetts there was a similar statute. Yet, notwithstanding these changes in the laws of other jurisdictions and the ruling in the McGowan Case, Congress has not deemed it advisable to amend our Code. We therefore adhere to our former ruling.

[5] The remaining question is whether Mrs. Foster is a proper party to this appeal. That she is an interested party is of course apparent, since the decree below admitting the will to probate fixed her status as such; she being named in the will as a beneficiary. Her entry of appearance thereafter in the court below therefore was within her rights as such interested party. Two of the present appellants brought the case here, designating as appellees Mary Helen McNeely, by her guardian, and Ella Foster, née Finley. Had Miss McNeely continued as a party appellee, it is inconceivable that any question would have been raised as to the right of Mrs. Foster to be heard here. Moreover, having been formally designated as a party appellee, it is difficult to perceive upon what theory Mrs. Foster could be precluded from protecting her interests thus challenged. We are clearly of the view, in these circumstances, that she is a proper party to this proceeding.

The decree is affirmed, with costs.

Affirmed.