## WELCH et al. v. WELCH.

Court of Appeals of District of Columbia. Submitted April 6, 1927. Decided May 2, 1927.

No. 4508.

1. Executors and administrators ⊂⇒22(1)— Appointment of administratrix ad litem held not prejudicial to rights of former administrators.

Lawful rights of former administrators in District of Columbia, whose final accounts had been passed and settled by the court, held not prejudiced by appointment of deceased's sister as administratrix ad litem to prosecute suits for alleged infringements of patents, notwithstanding such administratrix claimed to have sold the patents involved, together with right to sue for past infringements; such sale, if established, being a valid defense, available to purchasers.

2. Executors and administrators ⊂⇒22(1)— Orders denying petitions to remove administrators, and refusing appointment of petitioner as ancillary administratrix, held not res judicata on petition for appointment as administratrix ad litem.

Orders denying petition of New Jersey administratrix of decedent for removal of administrators in District of Columbia, and refusing appointment of New Jersey administratrix as ancillary administratrix in District of Columbia, held not res judicata on subsequent application of New Jersey administratrix for appointment of administratrix ad litem in District of Columbia to prosecute patent infringement suits.

3. Executors and administrators ⊂⇒22(1)— Validity of appointment of administratrix in New Jersey held not to affect appointment of same person as administratrix ad litem in District of Columbia.

Validity of appointment as administratrix in New Jersey held not to affect validity of same person as administratrix ad litem in District of Columbia, since court had authority to make such appointment, even if New Jersey appointment was irregular or erroneous.

Appeal from Supreme Court of District of Columbia.

Application by Katherine A. Welch for appointment as administratrix ad litem of the estate of Abraham T. Welch, deceased. From an order granting the petition, Allie Welch and another appeal. Order affirmed.

B. S. Minor, H. P. Gatley, H. B. Rowland, and A. P. Drury, all of Washington, D. C., for appellants.

R. H. McNeill and J. W. Maher, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from an order appointing the appellee as administratrix ad litem of the estate of Abraham T. Welch, deceased.

Decedent died intestate in the year 1910, and in August, 1911, the appellants, Allie Welch, who was decedent's sister, and John E. Welch, were appointed by the Supreme Court of the District of Columbia, sitting as a probate court, as administrators of his estate. The administrators proceeded with the settlement of the estate, and in the year 1915

they filed their final accounts, which were passed and settled by the court.

Prior to the settlement, but subsequent to appellants' appointment, appellee, Katherine A. Welch, claiming to be a sister of decedent, was appointed administratrix of his estate under the laws of New Jersey, upon a claim that decedent for the last five years of his life was a resident of that state. At the time of his death decedent was the owner of certain letters patent for an artificial drying apparatus, and appellee as administratrix thereupon brought suits for damages against various corporations in the United States District Courts in New York, Maryland, and Virginia, to recover for alleged infringements of the patents. These suits are still pending, but the trials thereof have been postponed by interlocutory orders of court, because of the question whether it is the right of appellee, as administratrix, or of appellants, as administrators, to prosecute them. Appellee therefore applied herein to the Supreme Court of the District of Columbia, sitting as a probate court, for an order appointing her as administratrix de bonis non of decedent's estate, in order that she might have full authority to prosecute the damage suits aforesaid.

The appellants resisted this application, claiming among other things that, while acting as administrators of decedent's estate, they had been authorized by the court's orders to sell and transfer the letters patent, and that in pursuance of these orders they had made sale thereof, and had assigned and transferred the same together with all rights accrued and accruing in connection with and under them, including the right to sue for past infringements, to the purchasers thereof.

It appears that in November, 1919, appellee as part of this controversy filed a petition in the lower court, seeking the removal of appellants as administrators, and that the court had dismissed the same. In March, 1920, a second petition for the same purpose and upon the same grounds was filed by appellee, and was dismissed by the court. In August, 1920, a similar petition was filed by appellee, and was dismissed by the court; the order being affirmed upon appeal by this court. In April, 1923, appellee filed a petition for appointment as ancillary administratrix of decedent's estate, in the orphans' court in Baltimore, Md., and the petition was denied, upon the ground that appellants were the duly qualified administrators of the estate. In February, 1924, a petition of like import was filed in the lower court by appellee, and was dismissed by the court, no appeal being taken from that order. It is claimed by appellants that these orders

constitute an adjudication against appellee's present petition, as well as a conclusive finding that appellee has no such interest in decedent's estate as entitles her to be appointed administratrix thereof.

Upon consideration of appellee's petition and appellants' answer, the lower court appointed appellee as administratrix of decedent's estate ad litem, with power and authority as such administratrix ad litem to intervene in and prosecute the damage suits aforesaid, at her own costs and expense, and to do and perform all things necessary in that behalf, requiring of her, nevertheless, a bond in the sum of $500, conditioned for the faithful performance of the trust in her reposed. From this order the present appeal was taken.

[1] We are unable to see how the lawful rights of appellants are prejudiced by this appointment. The appellants ceased to be the administrators of decedent's estate at the time when they filed their final account and it was settled by the court. Moreover, the appellants are not themselves now seeking to be appointed administrators de bonis non of the estate, but are simply opposing any such appointment. The court, however, is called upon to consider the interests of the estate, and, if the defendants in the damage suits are found to be indebted to the estate, the heirs of decedent will be benefited by the recovery. If, upon the other hand, no recovery is had, the estate can suffer no loss, for the cases are to be prosecuted at appellee's expense. It is claimed by appellants that all claims for infringement of the patents were settled by them as administrators in their settlement of the estate. If this claim be correct, it will serve as a defense in the damage suits, without prejudice to appellants.

[2, 3] The lower court, however, concluded that this question should be tried out in the pending cases; and we think that this action, taken in the exercise of the court's legal discretion, should not be disturbed. The former orders of court, denying the petitions of appellee for the removal of appellants as administrators of the estate, or for appellee's appointment as ancillary administratrix, do not have the effect of an adverse adjudication of appellee's present application. Nor is the validity of appellee's appointment as administratrix by the New Jersey court an essential condition to her appointment as administratrix ad litem; for the court had the authority thus to appoint her, even if the New Jersey appointment was irregular or erroneous. 18 Cyc. 110; Code D. C. § 288; Moore v. Marsh,

7 Wall. 515, 19 L. Ed. 37; 22 Am. & Eng. Encyc. of Law (2d Ed.) 482; Dean v. Mason, 20 How. 198, 15 L. Ed. 876.

The order of the lower court is affirmed, with costs.