George J. O'SULLIVAN, Appellant,

v.

Arma G. HICKS, Appellee.

No. 16949.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 31, 1962.

Decided Jan. 24, 1963.

The petition averred that said Hicks died on June 3, 1960, at Andrews Air Force Base, in Maryland, while a resident of the District of Columbia. It further averred that petitioner had made search and inquiry for a will of the decedent and had neither found one nor obtained information that there was one; that decedent left surviving him his widow and, to petitioner's knowledge, no other persons; that decedent had an interest in a policy of insurance on his automobile, which had been involved in an accident in which petitioner was injured; and that, as principal creditor, petitioner was entitled to apply for letters of administration.

The Probate Court entered an order of publication against the widow and the unknown heirs and next of kin of decedent; and appellant's counsel directed a letter to said widow containing a copy of the order of publication. This order of publication directed the widow to show cause why the application for administration should not be granted. After the expiration of the time fixed in the order of publication, and no appearance having been entered by the widow, the Probate Court entered an order appointing an independent administrator, who duly qualified.

Thereafter a motion was filed by the surviving widow, through the attorney for the insurance carrier, to vacate the order appointing the administrator and to dismiss the petition of appellant for letters of administration, the grounds of the motion being that decedent was not a resident of the District of Columbia and that he left a will, which was in the possession of decedent's widow.[1] The Probate Court thereupon entered an order vacating the appointment of the administrator, and this appeal followed.

Title 20, § 216, D.C.Code (1961), provides as follows:

"If there be no relations, or those entitled decline or refuse to appear

Charles B. Sullivan, Jr., Washington, D. C., for appellant.

Paul J. Sedgwick, Washington, D. C., for appellee.

Before WILBUR K. MILLER, BASTIAN and BURGER, Cirucit Judges.

BASTIAN, Circuit Judge.

This is an appeal from an order of the District Court, sitting as a Probate Court, vacating the appointment of an administrator.

The appointment had been made on the petition of one George J. O'Sullivan [appellant] for letters of administration on the estate of James L. Hicks, deceased.

[1.] So far as appears, the will has never been admitted to probate; certainly no petition for ancillary letters in this jurisdiction has ever been filed. The widow has expressed no intention of obtaining ancillary letters in the District of Columbia.

and apply for administration, on proper summons or notice, administration may be granted to the largest creditor applying for the same; and if creditors neglect to apply, it may be granted at the discretion of the court."

Under Title 40, § 423, of the Code, the operation of a motor vehicle in the District of Columbia by a nonresident is deemed equivalent to an appointment of the District Commissioners by such nonresident to be his true and lawful attorneys upon whom may be served all lawful processes in any action growing out of any accident or collision in which said nonresident may be involved while operating a motor vehicle in the District of Columbia. This section further provides, among other things, for the method of service on the Commissioners by the plaintiff in any such action, with copy to the defendant. We think, if § 423 is to be meaningful, it is necessary, if the nonresident who operated the automobile is deceased and no personal representative has been appointed, that a personal representative of the deceased be appointed on whom notice as provided by § 423 may be served.

Although it appears from the record that the widow, who was named as executrix in the will, has declined or failed to come into the District of Columbia, this should not militate against the appointment of an administrator, as the injured person is in effect the "largest creditor" and, accordingly, entitled to have administration granted in the event no fiduciary is appointed. Failure by the heirs at law or next of kin to have a personal representative appointed should not render nugatory the provisions of § 423; and the appointment of the largest creditor is authorized, on proper summons or notice, if those entitled decline or refuse to appeal and apply for administration. Title 20, § 216, D.C.Code (1961), supra. The applicant here is said to be the only creditor in the District of Columbia. Cf. Welch v. Welch, 57 App.D.C. 212, 19 F.2d 686 (1927). He was entitled to request the appointment of a disinterested party since he, as the injured party, would necessarily have to be the plaintiff in any litigation against the estate.

Appellee contends that there are no assets of the decedent in the District of Columbia and that, therefore, under Title 20, § 201, D.C.Code (1961), administration may not be granted. This argument does not meet the point that there is a claim here which, if finally established after trial, gives certain rights, among them the right to proceed against the insurance carrier. It is without dispute that appellant, if successful in his personal injury suit, may issue a writ of garnishment against the insurance carrier, whether or not the actual policy is in the District of Columbia. In this connection it is significant that the attorney for the insurance carrier is, in fact, the attorney appearing for the wife.

We think that Title 40, § 423, and Title 20, § 216, D.C.Code (1961) must be read together to reach a proper interpretation in this context. If that is not done, the estate of a person sought to be reached by the jurisdiction of Title 40, § 423, can escape the purpose of that statute if his next of kin refuses to accept appointment as administrator in the District of Columbia or to consent to the appointment of another as such; or, in the event a testamentary paper is left by a deceased tort feasor, if the executor refuses to have that testamentary paper probated or to take any steps to have a personal representative appointed.

Complaint is made that the application for the appointment of an administrator was not filed in good faith, based on the fact that the petition for administration recited that decedent was a resident of the District of Columbia and that there were no heirs other than the widow. These statements were made on information and belief only, and were due to the fact that the applicant for administration sought but could not obtain direct information from the widow. In any event, we consider these formal and qualified statements insufficient to justify removal of the administrator.

It follows that the judgment of the District Court must be reversed and the case remanded for reinstatement of the order appointing an administrator.

So ordered.

WILBUR K. MILLER, Circuit Judge (dissenting).

On March 4, 1960, the present appellant, George J. O'Sullivan, filed a complaint against James L. Hicks in the United States District Court for the Eastern District of Virginia in which he sought damages for injuries alleged to have been sustained when the automobiles of the parties collided on a street in the District of Columbia on November 2, 1959. In the complaint O'Sullivan described himself as a resident of Virginia and alleged

> "The Defendant, James L. Hicks, is a citizen of the United States and is a resident of the State of Texas. He is at the present time in the Armed Forces of the United States of America and is at the present time stationed with the 1124th Support Squadron, South Post, Fort Myer, Virginia."

Process was served on Hicks in Virginia on April 6, 1960. His answer, filed May 3, 1960, said, *inter alia*, "The defendant admits that he is a citizen of the United States and is a resident of the State of Texas * * *." James L. Hicks died June 3, 1960, and on September 9, 1960, O'Sullivan filed a suggestion of that death in the action in the Eastern District of Virginia.

While the suit for damages was pending in Virginia, O'Sullivan filed on February 8, 1961, in the probate branch of the United States District Court for the District of Columbia a petition for letters of administration on the estate of James L. Hicks in which he alleged that Hicks "was a citizen of the United States and a resident of the District of Columbia * * *." He also alleged that he had made "a diligent search and inquiry for a will of said decedent and has neither found one nor obtained any information that there was one, and

verily believes that the decedent died intestate." He affirmatively alleged that Hicks left no real estate in the District of Columbia and made no reference to any personalty left here by him except to say "That the decedent had interest [*sic*] in a policy of insurance on his automobile [in] which he had had an accident * * *." Claiming to be the principal creditor of Hicks, presumably because of his unliquidated tort claim pending in Virginia, he prayed for letters of administration. After proof of publication, our District Court appointed one Isadore Brill as administrator of the estate of James L. Hicks by an order dated June 13, 1961.

Almost immediately thereafter—on July 3, 1961—O'Sullivan filed in the Virginia suit a motion for an order substituting the administrator as party defendant. No further action was taken in that action until October 9, 1961. On that date the court noted that it "lacks venue to hear, determine and decide this cause," and ordered that it be removed to the United States District Court for the District of Columbia, in consequence of which all papers were filed October 11, 1961, in our District Court, which on October 18 ordered that the administrator, Brill, be substituted as party defendant.

On October 28, 1961, an attorney who had represented Hicks in his lifetime filed in his name in the damage suit a motion to vacate the order substituting Brill as party defendant, in which he alleged Hicks did not die intestate but left a will naming his widow as executrix. He also alleged that Hicks was "neither a legal resident of nor domiciled in the District of Columbia at the time of his death" and that the probate branch of the District Court for the District of Columbia was without jurisdiction, and that the order appointing Brill as administrator was improvidently entered. In an opposition to this motion, filed November 3, 1961, O'Sullivan alleged that

> "* * * local creditors have a right to honor [*sic*] Administration as the widow fails and refuses to

take action. The decedent left obligations in the District of Columbia; namely the unliquidated claim of the plaintiff. The decedent left property rights in the District of Columbia; namely a certain insurance policy."

The motion to vacate the substitution of Brill as party defendant was denied without prejudice.

On November 27, 1961, the surviving widow filed, in the Administration proceeding in which Brill had been appointed, a motion to vacate the order appointing him and to dismiss O'Sullivan's petition for letters of administration. It was alleged therein that, contrary to the representation made in the petition for letters, Hicks was not a resident of or domiciled in the District of Columbia, but was a resident of the State of Texas at the time of his death. It was further alleged that, contrary to the representation made by O'Sullivan, decedent did not die intestate but left a valid will naming his widow executrix and that she does not reside in the District of Columbia. It further alleged that Hicks left no property in the District and had no creditors here.

On November 29, 1961, O'Sullivan filed an opposition to that motion, in which he claimed to be a creditor of Hicks "on an unliquidated personal injury claim." He also alleged "That the wife failed and refused to communicate with counsel for George J. O'Sullivan though requested to do so; did not disclose to counsel the contents of the will; refused to administer the estate normally, notwithstanding the presence of a policy of insurance covering the automobile operated by the said decedent."

On January 5, 1962, after a hearing, the District Court vacated the order of June 13, 1961, which had appointed Isadore Brill as administrator. O'Sullivan appeals from that order.

Section 20–201, D.C.Code (1961), governs the grant of letters of administration in this jurisdiction:

"On the death of any person leaving real or personal estate in the District, letters of administration on his estate may be granted, on the application of any person interested, on proof satisfactory to the probate court, that the decedent died intestate."

So, before letters of administration can be granted, not only must it appear that the decedent left real or personal property here, but satisfactory proof must show he was intestate.

I am not at all persuaded that a decedent's public liability and property damage insurance policy on his automobile is an asset which authorizes the appointment of an administrator. But if such a policy is an "estate" within the meaning of § 20–201, it is not *left in the District* unless the decedent was a resident of the District of Columbia.

The only proof of intestacy was the allegation in O'Sullivan's petition

"* * * That your petitioner has made a diligent search and inquiry for a will of said decedent and has neither found one nor obtained any information that there was one, and verily believes the decedent died intestate."

In connection with the question whether or not Hicks was a resident of the District of Columbia, two things are significant: (a) in his complaint in the Virginia court O'Sullivan alleged Hicks was a resident of Texas, and in his answer Hicks admitted that he was a resident of that state; (b) in the widow's motion in the Administration proceeding to vacate the order appointing Brill as administrator, she alleged that Hicks was not a resident of or domiciled in the District of Columbia, and in his opposition to the motion O'Sullivan did not deny that allegation.

I conclude, therefore, that in considering the motion to vacate Brill's appointment the District Court would have been justified in concluding Hicks was not a resident of the District of Columbia when he died and therefore did not *leave in the District* the policy of insurance which O'Sullivan had said justified

the grant of letters of administration here. Moreover, the record justified the conclusion that Hicks did not die intestate. The allegation that he left a valid will was not denied, but was in effect admitted. In my view, either the fact that Hicks was not a resident of the District and left no property here, or the fact that he left a valid will, was enough to justify the order vacating the appointment of an administrator.

I do not think it is correct to say "the decedent died intestate" within the meaning of § 20–201 because the will he left had not been probated when the order vacating Brill's appointment was entered. The ordinary meaning of the adjective "intestate" is "without having made a valid will." I think this means that a decedent is not intestate if he left a paper purporting to be a last will and testament executed so as to be admissible to probate in the jurisdiction of his residence when properly proved, even though the will has not been formally admitted to probate. If this were not so, then no decedent ever died testate, because he would have been intestate from the instant of his death until the hour when a probate court established as his last will and testament the document which purported to be such. It is inconceivable to me that a court of the District of Columbia can grant letters of administration on the estate of a decedent who left a document purporting to be a valid will simply because the document has not been admitted to probate.

The majority refer to § 40–423 of the D.C.Code (1961),[1] providing that a non-resident's operation of a motor vehicle in the District of Columbia is deemed equivalent to an appointment of the District Commissioners as his attorneys in fact upon whom process may be served in any action growing out of an accident in this jurisdiction. "[I]f § 423 is to be meaningful," my colleagues say, "it is necessary, if the nonresident who operated the automobile is deceased and no personal representative has been appointed, that a personal representative of the deceased be appointed on whom notice as provided by § 423 may be served." But § 423 makes no provision for the appointment of an administrator for a deceased nonresident who was involved in an automobile accident in the District during his life. As I have said, § 20–201 is the only Code provision we have authorizing the appointment of an administrator and it does not cover the present situation. Consequently, I suggest that in the sentence just quoted the majority are amending not only § 40–423 but also § 20–201.

It seems to me that the authority of the District Court to vacate an order granting letters of administration which had been entered under a misconception of material facts is amply shown by Randall v. Bockhorst, 98 U.S.App.D.C. 77, 232 F.2d 334 (1956), from which I quote:

"The appeal questions an order of the District Court, sitting in probate, which (1) removed appellant as administratrix of the estate of her brother, who had died in this city on March 17, 1954, and (2) appointed his widow, the appellee, administratrix *de bonis non*. This order was entered pursuant to a petition filed by the widow on April 21, 1955. As the basis for its order the court recited that letters of administration had been issued to the sister on June 23, 1954, because of a misstatement in her petition, or a misconception by the court, of the true facts. The court so concluded because the sister's petition contained

---

1. O'Sullivan has made no move to proceed under the provisions of § 40–423, and has not indicated he desires to do so. It may be that the personal representative of a deceased nonresident motorist may be brought before the court by service on the District Commissioners, although the statute does not expressly so provide. But, as I say in the text, § 423 does not authorize the appointment of an administrator for a deceased nonresident motorist who left no property in the District.

an allegation made upon information and belief that decedent and his wife were divorced at the time of his death, whereas it developed that they had been married in 1921 and were never divorced, although they had been separated since 1938.

"Bad faith on the part of the sister was not found by the court, and is not established. Nevertheless, we think the court did not abuse its discretion in revoking the grant of administration to her. It was not unreasonable for the court to conclude that except for the misstatement and consequent misconception as to the marital status of the deceased and appellee a different disposition originally would have been made by the court with respect to letters of administration."

It requires no discussion to demonstrate that, had the uncontroverted facts shown in the motion to vacate in the present case been known to the appointing judge, the letters of administration would not have been granted in the first instance.

The opinion in Randall v. Bockhorst continues thus:

"The sister contends, however, that the revocation of her letters was not for a cause specified in our Code and therefore was beyond the jurisdiction of the probate court. Section 11–504, D.C.Code 1951, provides that the probate court shall have authority to grant, and 'for any of the causes hereinafter mentioned' to revoke, letters of administration. The causes thereinafter mentioned do not include the one relied upon in this case. But, as Chief Justice Shepard stated for the court in Emery v. Emery, 45 App.D.C. 576,

"'* * * Those causes relate to matters of administration and connected therewith, and do not prevent the court from revoking letters which had been issued upon a mistaken assumption of facts.

"'It is well settled in Maryland, from whence our probate system is derived, that once letters have been granted to a party upon a misstatement or misconception of facts, the same may be revoked and the party really entitled thereto appointed. * * *.'"

See also Morris v. Foster, 51 App.D.C. 238, 278 F. 321 (1922), and In re Estate of Coit, 3 App.D.C. 246 (1894).

For these reasons I think the District Court was correct in vacating the order appointing an administrator. Consequently, I would affirm.