Cornelius M. MILMOE, Administrator of the Estate of Margaret M. Milmoe, Deceased, Appellant,

v.

John J. TOOMEY, Ancillary Administrator, Appellee.

No. 19485.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 10, 1965.

Decided Jan. 13, 1966.

---

Mr. James F. Bromley, Washington, D. C., for appellant. Mr. Hugh Lynch, Jr., Washington, D. C., was on the brief.

Mr. Robert E. Simpson, Washington, D. C., for appellee. Mr. Gerald J. O'Rourke, Jr., Washington, D. C., was on the brief.

Before WRIGHT, McGOWAN and LEVENTHAL, Circuit Judges.

McGOWAN, Circuit Judge.

This appeal challenges the jurisdiction of the District Court, sitting in probate, to appoint an ancillary administrator by reason of an asset in the District of Columbia consisting solely of the protection against liability afforded by an automobile insurance policy. The precise nature of the contention made here can be understood only against the somewhat unusual factual background, which is reviewed immediately hereinafter. We conclude that jurisdiction did exist, and we leave the appointment undisturbed.

I

The decedent was a girl who, for some time prior to June 6, 1964, had been residing in Washington while working for the Peace Corps. On the morning of that day, in company with a fellow employe, she rented a Hertz car and set out for her family home in New York State. In Lebanon County, Pennsylvania, during the early afternoon, the rented car was in a collision, and both of its occupants were killed. Also dying in the crash were a married couple from Illinois who were in the other car; and a minor child with them was seriously injured.

The rental agreement executed by the decedent with Hertz recites her "local address" in Washington to be 3336 P Street. An affidavit submitted in the District Court by her father asserts, however, that before leaving Washington the decedent had resigned from the Peace Corps and given up her P Street apartment; and that her purpose was to return to the family home in New York to live. Execution of the rental agreement with Hertz operated to bring the decedent directly within the coverage of a liability policy issued to Hertz by Royal

Indemnity Company. Although not District of Columbia corporations, both Hertz and Royal Indemnity are doing business in the District so as to be subject to suit here.

Appellee O'Keefe is the Illinois administrator of the estate of the deceased Illinois couple. He filed a petition in the District Court reciting the rental agreement and the accompanying insurance coverage, and asked that letters of administration issue to a disinterested attorney in order that suit might be brought against such appointee in the District on behalf of the deceased Illinois couple and their surviving minor child. Appellee Toomey is the ancillary administrator appointed in response to this petition.

Appellant, the decedent's father, appeared in the District Court to oppose the appointment. It was urged by him that the decedent was, at the time of her death, domiciled in New York, and that any relationship of significance between her and the District of Columbia had ended before her death. As the administrator of his daughter's estate duly appointed in New York, appellant represented that he could be sued in New York or in Pennsylvania, as could Hertz and the estate of the decedent's companion on the fatal journey. He further asserted that the insurance policy running to Hertz and its customers was nation-wide in character, and that its benefits could be claimed in both New York and Pennsylvania.

At the hearing before the District Court it appeared that a suit had in fact been filed in Pennsylvania; and, promptly after the appointment of the ancillary administrator in the District of Columbia, suit was brought against him in the District Court. So far as we are aware, these actions remain pending before trial.

## II

The immediately relevant statute is Title 20 D.C.Code § 201, which provides as follows:

"On the death of any person leaving real or personal estate in the District, letters of administration on his estate may be granted, on the application of any person interested, on proof satisfactory to the probate court, that the decedent died intestate."

The District Judge conceived that the controversy before him was to be resolved by a scrupulous attention to the terms of this statute; and that, accordingly, the question before him was whether the decedent was an intestate person "leaving * * * personal estate in the District" within the contemplation of the statute. He did not find it necessary to choose explicitly and finally between the conflicting contentions as to whether the decedent was a resident of the District at her death. He thought that the decedent's interest in the insurance policy was "personal estate," and that the circumstances surrounding the creation of that interest gave it a *locus* "in the District," within the scope of those phrases as used in the statute. Thus, he considered the conditions of the statute to be met, and that the appointment by him of an ancillary administrator was in order.

We agree with this concept of the issue presented, and see no occasion to disturb the resolution made of it. With respect to the narrow question of whether coverage under an insurance policy constitutes a personal property interest supporting administration, we think the answer is as clear in reason as it is settled in authority. O'Sullivan v. Hicks, 114 U.S.App.D.C. 219, 313 F.2d 900 (1963); Estate of Riggle, 11 N.Y.2d 73, 226 N.Y.S.2d 416, 181 N.E.2d 436 (1962); Gordon v. Shea, 300 Mass. 95, 14 N.E.2d 105 (1938). And see New England Mut. Life Ins. Co. v. Woodworth, 111 U.S. 138, 4 S.Ct. 364, 28 L.Ed. 379 (1884). And, whatever may be the precise outer limits of the relationship of such an interest to the District of Columbia contemplated by Congress as warranting administration here, we agree with the District Judge that they were not exceeded in this case. The decedent was certainly not an ordinary transient

in her relationship with the District of Columbia at the time she entered into the Hertz contract which created her insurance rights. Those rights came into being here; and we think that, on this record, they continue to constitute a "personal estate in the District" within the statutory prescription.

 Appellant's claim of an absence of jurisdictional power to make the appointment is largely cast, in the District Court as here, in terms of the lack of necessity for bringing the tort action here and of the greater appropriateness of other forums for its trial. This argument essentially is that, since the District Court should decline jurisdiction over the tort action from *forum non conveniens* considerations, it must be taken to have lacked jurisdiction to appoint the ancillary administrator. But the logic of this, if such there be, is not to be discovered from the language of the governing statute. Section 201 does not address itself generally to the purposes for which administration is sought, and, in particular, it prescribes nothing with respect to which lawsuits may be appropriately brought in the District of Columbia against the administrator, and which may not. Its concern appears to be mainly, if not exclusively, with the designation of a legal custodian of an asset in the District of an intestate decedent.

The District Judge, sitting in probate and looking only to Section 201, refused to be drawn into the question of whether the tort claim should be tried here or in Pennsylvania. In this he was, in our view, wholly right. He regarded that question as one reserved to the judge before whom the tort suit comes, with a freedom to decide it, upon a record made with reference to it, unaffected in any way by the decision to grant ancillary administration. There may or may not be persuasive reasons why the issue of liability in negligence should be tried elsewhere than in the District of Columbia, with any suit raising that issue here to be either dismissed, transferred, or perhaps stayed pending the outcome of another litigation in a more appropriate forum. But that is a matter for exploration and resolution in the tort action itself, and not in the probate proceeding. Nothing that the District Court has done in that latter proceeding, or that we do on this appeal, either forecloses that question or shapes its disposition.

The judgment appealed from is Affirmed.