295 So.2d 496 (1974)
William GRINNELL et al., Plaintiffs Appellants,
v.
Danny GARRETT et al., Defendants Appellees.
No. 4512.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1974.
Rehearing Denied June 26, 1974.
Writ Refused September 20, 1974.
*497 Domengeaux & Wright, William H. Lambert, Lafayette, for plaintiffs-appellants.
Voorhies & Labbé by D. Mark Bienvenu, Lafayette, for defendants-appellees.
Davidson, Meaux, Onebane & Donohoe by L. Lane Roy, Lafayette, for intervenor-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
MILLER, Judge.
Plaintiffs William and Roma Grinnell, husband and wife, and their insurer Providence Washington Insurance Company appeal the trial court's judgment maintaining exceptions of lack of personal jurisdiction and insufficiency of service of process filed by non-resident defendants Danny Garrett, The Arkay Company, Inc., and the Arkay Faithway Feed Company, Inc.[1] We affirm.
Plaintiffs' petition alleges that on April 26, 1972, the Grinnells were rearended in Scott County, Mississippi, by a truck driven by Garrett and owned by Arkay and/or Arkay Faithway. The Grinnells suffered personal injuries and the loss of their pickup truck, a trailer, and a prefabricated building which was cargo in the trailer. The pickup truck was insured by plaintiff Providence, which paid William Grinnell the loss and claims subrogation rights in this suit. Southern Structures, Inc., intervened, seeking damages for loss of the building.
It was stipulated that Canal Insurance Company is registered and qualified to do business in Louisiana, and has appointed the Secretary of State as agent for service *498 of process pursuant to LSA-R.S. 22:985. It was further stipulated that Garrett was a resident of Alabama, and that Arkay and Arkay Faithway were Alabama domiciliaries. There is no allegation that Garrett was a Louisiana domiciliary or that either corporation was authorized to do or was doing business in Louisiana. There is no allegation or proof of record that defendants were given notice through personal or domiciliary service.[2] It was admitted that the Canal policy would provide coverage, and that Garrett was within the course and scope of his employment.
In order to obtain jurisdiction, plaintiffs obtained a writ of attachment by garnishment against the property of the Arkay Companies in the hands of Canal, namely, the insurance policy and coverage afforded them by Canal. Canal moved to dissolve the writ on the basis that the policy was issued outside Louisiana and was not subject to attachment. An exception of lack of jurisdiction over the person of defendants and insufficiency of service of process was filed on behalf of all defendants.
The trial judge maintained the exceptions on finding Kirchman v. Mikula, 258 So.2d 701 (La.App. 3 Cir. 1972) squarely on point.
Kirchman involved an accident in New Jersey in which a Louisiana resident was injured. Mikula was a New Jersey resident, insured by GEICO pursuant to a policy issued in New Jersey. Suit was filed in Lafayette against Mikula and his insurer. Personal jurisdiction was predicated upon attachment of the policy of insurance. We rejected that attempt to get jurisdiction.
The only significant difference in this case and Kirchman was the failure of these plaintiffs to join the insurer as a party defendant. Plaintiffs urge that we reverse our previous pronouncement, but list few factors to support their position.
Plaintiffs emphasize the broad scope and nature of LSA-C.C.P. art. 3542 as authority for allowing a seizure of this nature to serve as a basis for jurisdiction. Seizure of a liability insurance policy as a means of acquiring jurisdiction has, as noted in Kirchman, been rejected by most states. The rationale of these cases has largely been the unliquidated nature of the liability insurer's obligation to defend and indemnify.
The serious constitutional implications arising from use of such a procedure further support our conclusion. The only connections Louisiana has with the accident are the injuries to its citizens and the presence of Canal, a non-defendant, doing business in Louisiana. The use of our attachment statute to gain jurisdiction over the named defendants where no such jurisdiction could exist through operation of either the Direct Action Statute (LSA-R.S. 22:655) or the Long Arm Statute (LSA-R.S. 13:3201 et seq.) would seriously test due process. It would, in effect, allow suit in all states where a liability insurer is situated, under the rationale that if present and if it owes certain obligations to defendant, it can be forced to surrender those obligations through attachment. Suit could result in the state of plaintiff's choosing with the only requirement being that defendant's insurer be licensed to do business there. Forum shopping would become a way of life.
Plaintiffs additionally assert the inconvenience they would suffer by having to sue in another state. We conclude that neither the status of plaintiffs alone nor the inconvenience suffered by them can serve as a basis for the exercise of our jurisdiction. Fundamental due process requirements are phrased in terms of fairness *499 to defendants, not the convenience of plaintiffs.
In addition to the New York cases which we chose not to follow in Kirchman, plaintiffs cite Campbell v. Davis, 274 Ala. 187, 145 So.2d 725 (1962), and Milmoe v. Toomey, 123 U.S.App.D.C. 40, 356 F.2d 793 (1966), as authority for their position. The Alabama case did hold that a deceased insured's potential right of recovery constituted property; property which presumably was subject to attachment. That case, however, involved an accident which occurred in Alabama. Personal jurisdiction was not the central issue, it being whether or not the administration of a non-resident's estate could be opened in a county where the deceased owned no assets other than the obligation existing under the liability insurance policy. Had the accident in the instant case occurred in Louisiana, we would have no problem finding a basis for exercising personal jurisdiction under our non-resident motorist's statute (LSA-R.S. 13:3474 et seq.). The Milmoe case likewise stands for the proposition that a liability insurance policy constitutes an asset of a decedent justifying appointment of an ancillary administrator. We note, however, that although the accident occurred out of the District of Columbia, liability insurance was provided pursuant to a rental agreement perfected in the District. Both the rental agency and the insurer were doing business in the District. Given this set of facts and substituting Louisiana for the District of Columbia, we would have no problem in finding a basis for the exercise of personal jurisdiction due to our direct action statute, since the policy would have been issued in Louisiana.
The only real difference between the instant case and Kirchman is the absence of the insurer as a defendant. We fail to see how an insurer who would not be amenable to a cause of action under our direct action statute could be used as garnishee in order to obtain jurisdiction over citizens of another state who have no contacts with Louisiana. The direct action statute was given its widest latitude in Webb v. Zurich Insurance Company, 251 La. 558, 205 So.2d 398 (1967). It held that the direct action statute extended to accidents occurring within the state or to policies written within the state, even if the accident occurred out of state. Neither test is met here. Plaintiffs thus attempt to do indirectly by not naming defendants' insurer what it could not achieve by direct action.
The trial court judgment is affirmed. All costs of appeal are taxed to plaintiffs appellants.
Affirmed.
NOTES
[1] Defendants' insurer Canal Insurance Company was not named as defendant in the petition, but was made garnishee in an attachment.
[2] A curator ad hoc was appointed for Garrett and the Arkay companies. This curator was served a citation commanding Danny Garrett to appear. It was not alleged, however, that Garrett or either of the Arkay corporations were Louisiana domiciliaries. Their status as Alabama domiciliaries was specifically alleged in the exception to personal jurisdiction.