GULOTTA, Judge.
Plaintiff appeals from an adverse summary judgment. We affirm.
John Lob, a resident of Florida, was en route to Louisiana when his automobile became disabled in Mississippi. Borrowing a friend’s vehicle, he continued traveling to Louisiana but became involved in an automobile accident and sustained injuries. Pri- or to the accident, Lob had obtained, in *12 Florida, an insurance policy containing a “personal injury protection” clause referred to as the “no fault” provision, permitted under Florida law. This suit resulted from the insurer’s failure to make any payment under the policy provisions despite plaintiff’s submission of proof of medical expenses and loss of wages in excess of $5,000.00, the policy limit.
In essence, the Florida “no fault” insurance statute requires automobile owners to purchase medical and income loss insurance payable to persons injured as the result of an automobile accident, irrespective of proof of fault. The Florida statute (Insurance Code) further provides, in Title 35, Section 627.736(4)(d), as follows:
“The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
(1) Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occupant of a motor vehicle or motorcycle if the injury is caused by physical contact with a motor vehicle.
(2) Accidental bodily injury sustained outside this state but within the United States of America, its territories or possessions, or Canada by the owner while occupying the owner's motor vehicle. . .” (Emphasis ours)
Pursuant to the Florida statute, defendant issued an insurance policy providing coverage for damages sustained by the named insured in an automobile accident. The particular policy provision under which plaintiff asserts his claim is the “personal injury protection” clause.[1] With respect to personal injury protection (“C” in footnote), coverage
“. . . applies only to accidents which occur during the policy period.
(a) in the State of Florida, and
(b) as respects the named insured or a relative, while occupying the insured motor vehicle outside the State of Florida but within the United States of America, its territories or possessions or Canada . . ..” (emphasis ours)
Based on plaintiff’s allegations that the accident occurred in the State of Mississippi while the named insured was driving a “borrowed” or “substitute” vehicle, the trial judge maintained defendant’s motion for summary judgment and dismissed plaintiff’s suit.
We reject plaintiff’s contention, on appeal, that his countervailing affidavit, filed in answer to the motion for summary judgment, establishes his (Lob’s) right to a summary judgment or alternatively establishes genuine issues of material fact which prohibit disposition of the matter by summary judgment. See LSA-C.C.P. art. 966. In his affidavit, plaintiff merely avers that he sustained injury while driving a borrowed vehicle in Mississippi and that he has submitted proof of loss under the “no fault” provision of the policy. No factual dispute is raised; the only issue is the interpretation of the insurance contract, i.e., whether the “no fault” provision applies to the undisputed facts. Accepting all of the statements made by Lob in the affidavit and the allegations contained in the petition as true, the allegations do not disclose a basis for recovery under the language of the insurance policy. Quite to the contrary, the allegations of the petition and the statements made in the affidavit negate coverage.
We reject also plaintiff’s contention that personal injury protection (“no fault”), under this policy, applies to the named insured whether or not he was driving his own automobile ot a “temporary substitute automobile”. It is true that the policy provides coverage for bodily injury liability, property damage liability, medical payments and uninsured motorist protection (see footnote 1. for “A”, “B”, “D” and “E” coverages) when damages occur in the named insured’s automobile or a “temporary substitute automo *13 bile”.[2] However, noticeably omitted is coverage under the personal injury protection coverage provision (Coverage “C”) upon which plaintiff bases his claim. Moreover, under the definitions section of the policy with respect to “Coverage C”, an “insured motor vehicle” is defined as a “motor vehicle of which the named insured is the owner ..” This omission, when read with the other pertinent provisions from the definitions contained in the policy, supports the trial judge’s conclusion that the personal injury protection provision of the policy (“no fault”) is applicable only to injuries sustained in an automobile owned by the named insured when the accident occurs outside of the State of Florida. Accordingly, we conclude the trial judge properly maintained defendant’s motion for summary judgment.
In defendant’s answer to the appeal, Heritage Insurance Company reurges its exception, filed in the trial court, of lack of jurisdiction over the subject matter. While acknowledging personal jurisdiction, defendant asserts lack of jurisdiction over the subject matter on the ground that plaintiff has no right of action under the “direct action” statute to file suit in Louisiana when an accident occurred outside of the State of Louisiana and the insurance contract was written in a foreign state. See LSA-R.S. 22:655; Webb v. Zurich Insurance Company, 251 La. 558, 205 So.2d 398 (1967); Morse v. Hartford Casualty Insurance Company, 301 So.2d 741 (La.App.3d Cir.1974); Grinnell v. Garrett, 295 So.2d 496 (La.App.3d Cir.1974).
Because we have affirmed the judgment of the trial court dismissing plaintiff’s petition by summary judgment, no necessity exists to consider the exception of lack of jurisdiction over the subject matter. Accordingly, the judgment is affirmed.

AFFIRMED.

, The policy includes coverage under:
A — Bodily Injury Liability . . ..
B — Property Damage Liability . . ..
C — Personal Injury Protection . . ..
D — Automobile Medical Payments . . ..
E — Uninsured Motorists . . ..

*13

. In the “Definitions” section of the policy, “With Respect to Coverages A, B, D . . . ”, “automobile” is defined as:
“(3) Temporary Substitute Automobile — under coverages A, B and division 1 of coverage D, an automobile not owned by the named insured or his spouse if a resident of the same household, while temporarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.”
“With Respect to Coverage E”, an “insured automobile” is defined as:
“an automobile . . .
(2) while temporarily used as a substitute for an insured automobile as described in sub-paragraph (1) above when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;”
The definitions “With Respect to Coverage C” do not mention “substitute” or “borrowed” vehicles.